UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
In re:                                          :          Chapter 11
                                                :          Case No: 19-22721(RDD)
HAMPSTEAD GLOBAL, LLC,                          :
          Debtor                                :
------------------------------------------------------

### DECLARATION OF BRIAN KENDRELLA IN SUPPORT OF MOTION FOR AN ORDER, MOTION FOR AN ORDER, (I) DISMISSING CHAPTER 11 CASE OR CONVERTING CHAPTER 11 CASE TO CHAPTER 7; (II) COMPELLING ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT; AND (III) MODIFYING THE AUTOMATIC STAY TO PERMIT THE EXERCISE OF REMEDIES OF ASSUMED OR REJECTED CONTRACTS

BRIAN KENDRELLA, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

1. I am the President of Stack's-Bowers Numismatics, LLC, d/b/a Stack's Bowers Galleries ("**Stack's Bowers**" or "**Movant**") and I make this declaration upon my personal knowledge unless stated to be upon information and belief.

2. I submit this declaration in support of the motion by Stack's Bowers for an order pursuant to Sections 105, 1112(b), 362(d) (1) and 365(d)(2) of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rules 1017, 1019, 2002 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) dismissing the Chapter 11 case or converting the Chapter 11 case to Chapter 7; (ii) compelling the Debtor or Chapter 7 Trustee to assume or reject that certain Purchase and Sale Agreement and Escrow Agreement with Movant; (iii) modifying the automatic stay to permit Movant, upon a payment default under Purchase and Sale Agreement following assumption or upon the rejection of the Purchase and Sale Agreement and Escrow

Agreement, to permit Movant to exercise its rights and remedies under the Purchase and Sale Agreement and Escrow Agreement and State Law with respect to the transfer of all title, ownership, registration and use of the domain name www.coins.com (the "**Domain Name**") back to Movant; and (iv) granting Movant such other and further relief as the Court deems just and proper.

3. Attached hereto as Exhibit A is a true and accurate copy of the Proof of Claim filed by Stack's Bowers in this case.

4. Attached hereto as Exhibit B is a true and accurate copy of that certain Purchase and Sale Agreement, dated as of April 30, 2018 (the "**PSA**"), between Stack's Bowers and the Debtor.

5. Attached hereto as Exhibit C is a true and accurate copy of that certain Escrow Agreement, dated as of April 30, 2018 (the "**Escrow Agreement**"), among Stack's Bowers, the Debtor and Greenberg & Lieberman, as Escrow Agent..

6. Pursuant to the PSA, Stack's Bowers agreed to sell to the Debtor a certain domain name www.coins.com (the "**Domain Name**").

7. Other than the PSA and the Escrow Agreement there are no agreements between Stack's Bowers and the Debtor regarding the sale of the Domain Name.

8. Pursuant to the PSA Debtor delivered the Initial Payment of $300,000 to Stack's Bowers.

9. Pursuant to the PSA and Escrow Agreement, Stack's Bowers cooperated with the Escrow Agent to cause the registration of the Domain Name to be transferred to the Escrow Agent.

10. Other than the Initial Payment of $300,000 Stack's Bowers has not received any payment from the Debtor pursuant to the PSA or otherwise on account of the purchase of the Domain Name.

11. The limitations regarding the Debtor's use of the Domain Name as set forth in the PSA are material and important business terms and obligations of the Debtor included in the PSA to protect the value of the Domain Name in the event of a default by the Debtor and the return of the registration to Stack's Bowers.

12. The obligations of Stack's Bowers as set forth in the PSA and Escrow Agreement were negotiated business terms included at the insistence of Debtor to protect Debtor's rights to the Domain Name pursuant to the PSA.

13. Immediately prior to March 30, 2019 bankruptcy filing by the Debtor, Stack's Bowers advised the Debtor that it would not renegotiate the terms of the PSA and Escrow Agreement and that it intended to exercise its rights under the PSA and Escrow Agreement to notify the Escrow Agent of the payment default under the PSA and demand the return of the Domain Name.

I declare, pursuant to 28 U.S.C. §1746, this 13 day of June, 2019 that for foregoing is true and correct.

_____
Brian Kendrella