## Three-Party Escrow Agreement

This Three-Party Escrow Agreement ("Agreement") is entered into the _1_ day of __MAY__ 2018, by and between:

| | |
|---|---|
| "Transferor": **"Seller"** | STACK'S-BOWERS NUMISMATICS, LLC at 1231 East Dyer Road, Suite 100, Santa Ana, California 92705 |

and

| | |
|---|---|
| "Transferee": **"Buyer"** | HAMPSTEAD GLOBAL, LLC 2811 Colorado Avenue, Unit #1, Santa Monica, California, |

and

| | |
|---|---|
| "Greenberg & Lieberman": **"Escrow Agent"** | Greenberg & Lieberman, LLC. 1775 Eye St. NW Suite 1150 Washington, DC 20006 |

### Recitals

A.   Transferor and Transferee have entered into that certain Purchase and Sale Agreement for Coins.Com Domain Name, dated April 30, 2018 a copy of which is attached hereto as <u>Exhibit A</u> (the "PSA"), pursuant to which the domain name <COINS.COM> (the "Domain Name"), will be sold, assigned, transferred and conveyed by Assignor to Assignee; and

B.   Transferor and Transferee have further agreed to engage the services of a third-party escrow agent to facilitate said Domain Name transfer; and

C.   Transferor and Transferee desire to appoint Greenberg & Lieberman, LLC (G&L or Escrow Agent) as the third-party escrow agent for purposes of said Domain Name transfer, and G&L desires to accept such appointment.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, covenant and agree as follows:

1.   <u>Appointment of Escrow Agent; Escrow Agent Fees</u>

(a)   Transferor and Transferee (together, the "Parties") hereby designate and appoint G&L as the escrow agent (the "Escrow Agent") under this Agreement. G&L hereby accepts such designation and appointment and agrees to carry out the duties of escrow agent pursuant to the terms and provisions of this Agreement and the PSA.

(b)     G&L is not a party to, and is not bound by, any other contracts between the parties, including, but not limited to sales contracts, settlement agreements or any other agreements which may arise out of this Agreement, other than as expressly set forth herein.

(c)     The Parties acknowledge and agree that G&L is engaged under this Agreement as a neutral third-party services provider. Buyer and Seller are clients of G&L solely for the purpose of administering the terms of the current escrow agreement. Attorney-Client privilege shall apply only to those terms which the parties have specifically stated they wish to remain anonymous and privileged. The parties do specifically waive any conflict of interest arising outside of this Agreement and waive any objections to G&L representing either party on any other issues unless the issues arise out of or are related to this Agreement or the PSA. Further, each of the Parties acknowledges and agrees that it has been afforded an opportunity to select and be advised by counsel of its own choosing with respect to this Agreement.

(d)     As consideration for the services provided pursuant to this Agreement, G&L will receive a flat fee of $5,000.00 US (the "Fee") (re holding and management of the Domain Name), plus out of pocket expenses (out of pocket expenses are limited to domain name renewal fees, wire fees and privacy services. Any other out of pocket expenses must be approved by the Parties prior to being spent. Such approval shall not be unreasonably withheld. Included in the Fee, at the request of the Parties, shall be reasonable interpretation of the PSA in the case of a dispute that can be easily resolved by Escrow Agent's interpretation of the PSA, for example, if there is a deadline and the Parties dispute the exact day of the deadline, Escrow Agent shall determine the PSA's meaning. In addition, G&L may charge hourly fees for any time spent at the rate of $750 per hour in connection with any other disputes or litigation between the Parties beyond the basic terms of this Agreement (re holding and management of the Domain Name (the "Hourly"), provided G&L shall first have notified the Parties in writing that the Hourly rate will apply to such matters. Escrow Agent shall bill the Hourly and the amount billed shall be paid equally by both Parties. The Fee shall be paid by the Transferee in two parts with the initial $2,500 at the start of the escrow being paid and the final $2,500 at the conclusion of the escrow before the domain name is transferred. If there is a default in the payment of the final $2,500, then both Parties shall be jointly and severely responsible for payment of the second half of the Fee. Except as provided above, the Fee shall not include any further legal services, such as contract review, trademark assignments, etc., and all such work shall be billed for separately subject to a separate legal retainer agreement.

(e)     All Fees are in U.S. dollars and payment must be rendered in U.S. dollars unless otherwise agreed to in advance.

2.    Term; Termination.

(a) This Agreement will be effective as of the last-to-occur date of execution set forth the below (the "Effective Date"), and will remain in effect for a period of twenty-five (25) months (the "Term").

(b) This Agreement will expire at the end of the Term, unless earlier terminated by:

(i) The transfer of either the Domain Name registration or control of the Escrow Account over the Domain Name registration, by any means provided for herein;

(ii) Written mutual consent of the Parties;

(c) Upon expiration of the Term or termination of this Agreement for any reason, Escrow Agent's duties hereunder shall cease, and Escrow Agent will have no further liability, obligation or responsibility whatsoever arising thereafter, to either Transferor or Transferee.

3. Deposit of Domain Name Registration and other Terms.

(a) Promptly after the Effective Date Transferor shall cause the Domain Name to be registered in the name of the Escrow Agent.
(b) Escrow Agent will notify Transferor and Transferee when the Domain Name has been transferred and registered to the Escrow Account.
(c) Escrow agent shall follow such and other terms as found in the PSA. In the event of any conflict between the terms of this Agreement and the PSA, solely as pertaining to this Agreement, the terms of this Agreement shall control

4. Release of Domain Name Registration.

(a) Transferee will notify Escrow Agent and Transferor when the condition(s) for release and transfer of the Domain Name from the Escrow Agent to Transferee pursuant to the PSA have been met. For the avoidance of doubt, Escrow Agent will promptly forward a complete copy of such notice to Transferor, and Transferor will have five (5) business days after receipt thereof to make any and all objections to the release and transfer known to Escrow Agent in writing (the "Objection Notice"). If after five (5) business days Escrow Agent has not received the Objection Notice from Transferor, Escrow Agent shall release and transfer the Domain Name to Transferee as instructed by Transferee.

(b) Upon receipt of an Objection Notice, Escrow Agent will notify Transferee in writing within five (5) business days of Escrow Agent's receipt of the Objection Notice and shall notify both Parties that there is a dispute regarding the release and transfer of the Domain Name. Escrow Agent will continue to hold the Domain Name for a period of up to forty-five (45) days without release and transfer, to provide the Parties

an opportunity to resolve said dispute. After receipt of the Objection Notice, Escrow Agent will release and transfer the Domain Name only upon (i) receipt of joint written instructions from Transferor and Transferee, or (ii) an order from a court of competent jurisdiction.

(c)     In the event that Transferee is in default under the PSA for failure to make any payment due Transferor thereunder and such failure is not timely cured in accordance with the terms and conditions therein, Transferor will notify Escrow Agent, in writing and under oath, that such default has occurred and demand the Escrow Agent release and return of the Domain Name to Transferor ("Notice of Default"). Transferor will contemporaneously also provide a copy of the Notice of Default to Transferee. Three (3) business days after receipt of Transferor's Notice of Default, Escrow Agent will release and return the Domain Name to Transferor as instructed by Transferor, time being of the essence.

5.     <u>Rights and Obligations of Escrow Agent</u>.

(a)     The Escrow Agent will hold the Domain Name registration in the Escrow Account for the Term, unless this Agreement is earlier terminated as provided for herein.

(b)     In the performance of its duties hereunder, the Escrow Agent be entitled to rely upon any document, instrument or signature purporting to be genuine and purporting to be signed by a party or its successor unless the Escrow Agent has actual knowledge to the contrary. The Escrow Agent may assume that any person purporting to give any notice or instructions in accordance with the provisions hereof has been duly authorized to do so.

(c)     The Escrow Agent shall not be liable for any error of judgment, or any action taken or omitted to be taken hereunder, except in the case of the Escrow Agent's intentional misconduct or gross negligence, nor shall the Escrow Agent be liable for the conduct or misconduct of any employee, agent or attorney thereof, except in the case of the intentional misconduct or gross negligence of any employee, agent or attorney thereof. The Escrow Agent shall be entitled to consult with counsel of its choosing and shall not be liable for any action suffered or omitted in accordance with the advice of such counsel.

(d)     The Escrow Agent shall not be bound or in any way affected by any notice of any waiver, modification, amendment, rescission or cancellation of this Agreement, or of any fact or circumstance affecting or alleged to affect rights or liabilities hereunder other than as is herein set forth, or affecting or alleged to affect the rights and liabilities of any other person, unless notice of the same is delivered to the Escrow Agent in writing, signed by the proper parties to the Escrow Agent's reasonable satisfaction and, in the case of modification, unless such modification shall be approved by the Escrow Agent in writing.

(e) The Escrow Agent and any successor escrow agent, as the case may be, may resign his or its duties, and be discharged from all obligations hereunder at any time upon giving five (5) business days prior written notice to each of the Parties hereto and upon return of a pro rated portion of the Fee to Transferee. The Parties hereto will thereupon jointly designate a successor escrow agent hereunder within said five (5) business day period to whom the registration of the Domain Name will be transferred. In default of such a joint designation of a successor escrow agent, the Escrow Agent may, at its sole discretion, petition the Circuit Court for Montgomery County, Maryland, to designate a successor Escrow Agent, or, if for any reason such a petition is not filed, Escrow Agent may retain the Domain Name registration in the Escrow Account until otherwise directed by the Parties, jointly, or the expiration of the Term, in each case, without liability, obligation or responsibility.

(f) Notwithstanding anything to the contrary herein, Escrow Agent will have the right to take such other steps as the Escrow Agent may elect in order to terminate its duties as Escrow Agent hereunder, including, but not limited to, the deposit or transfer of the Domain Name registration, or the transfer of control over the Escrow Account, to the Circuit Court for Montgomery County, Maryland, and the commencement of an action of interpleaders, and (ii) in the event of litigation between the Parties with respect to or arising out of the PSA, this Agreement, or the Domain Name, the Escrow Agent may deposit or transfer the Domain Name, or the transfer of control over the Escrow Account, with the court in which said litigation is pending, and, in any such event, the Escrow Agent shall be relieved and discharged from any liability or responsibility to the Parties hereto. The Escrow Agent shall not be under any obligation to take any legal action in connection with this Agreement or any associated agreements, if any, or their enforcement or to appear in, prosecute or defend any action or legal proceeding which, in the opinion of the Escrow Agent, would or might involve the Escrow Agent in any cost, expense, loss, damage or liability, unless and as often as requested, the Escrow Agent shall be furnished with security and indemnity satisfactory to the Escrow Agent against all such costs, expenses (including attorney's fees), losses, damages and liabilities.

6.    Limitation of Liability.

(a) Under no circumstance will Escrow Agent be liable for any acts done or taken or omitted in good faith, or for any mistakes of law or fact, or for anything which it may do or refrain from doing in connection herewith, except its own gross negligence or intentional misconduct. In performing any of its duties hereunder, Escrow Agent will not incur any liability to any party for any claims, losses, expenses, or damages, including, without limitation, any special, incidental, or consequential damages (including lost profits), arising directly or indirectly out of this Agreement, even if Escrow Agent has been apprised of the possibility of such damages. Specifically, but without limiting any of the foregoing, Escrow Agent will not incur any liability with respect to any action taken or omitted in reliance upon any written notice, request, waiver, consent, receipt or other document which Escrow Agent in reasonably good faith believes to be genuine.

(b)    Each of the Parties jointly and severally hereby indemnify and agree to hold harmless and reimburse the Escrow Agent for and from all loss, cost, liability, damage and expense, including reasonable attorneys' fees and court costs, incurred by the Escrow Agent in connection with the performance of its duties and obligations under this Agreement, including the costs and expenses of defending against any claim arising hereunder unless the same arise out of or are related to the intentional misconduct or gross negligence of the Escrow Agent.

7.    Notices.    Any notices, requests, consents, waivers or other communications required or permitted to be given hereunder (a "Notice") shall be in writing and shall be deemed to have been given:  (i) if personally delivered, upon delivery or refusal of delivery; (ii) if mailed or sent via registered or certified United States mail, return receipt requested, postage prepaid, upon delivery or refusal of delivery; or (iii) if sent by Federal Express or comparable overnight courier service, upon delivery or refusal of delivery. All notices, consents, waivers, or other communications required or permitted to be given hereunder shall be addressed to the respective Party and their legal counsel, to whom such notice, consent, waiver or other communication relates at the addresses set forth below.  Any party may change such address by sending written notice of the change to the other parties.

If to Transferor:

> Stack's-Bowers International, LLC
> 1231 East Dyer Road, Suite 100
> Santa Ana, California 92705
> Attention: Brian Kendrella, President
> BKendrella@StacksBowers.com

With a copy to:

> Douglas J. Frye, Esq.
> 24955 Pacific Coast Highway, Suite A201
> Malibu, California 90265
> doug@douglasfryelaw.com

If to Transferee:

> Hampstead Global, LLC
> 2811 Colorado Ave Unit #1
> Santa Monica, CA 90404
> Hampstead99@gmail.com

With a copy to:

> Hillel I. Parness, Esq.
> PARNESS LAW FIRM, PLLC
> 136 Madison Ave., 6th Floor
> New York, New York 10016
> hip@hiplaw.com

if to Escrow Agent:

Greenberg & Lieberman, LLC.
1775 Eye St. NW Suite 1150
Washington, DC 20006
Attention: Stevan Lieberman

8.  **Miscellaneous**.

(a)  This Escrow Agreement shall be construed in accordance with the laws of the State of Maryland applicable to contracts made and to be performed therein, without giving effect to the principles of choice of law.  In the event any court of competent jurisdiction shall declare any portion of this Escrow Agreement to be invalid, the remainder of this Escrow Agreement shall not be invalidated thereby but shall remain in full force and effect unless the deletion of the invalidated portion shall make this Escrow Agreement totally unreasonable.

(b)  Where the text requires, words in the singular shall be deemed to include the plural and vice-versa, and words of any gender shall be deemed to include all genders.

(c)  The paragraph headings preceding the text of the paragraphs of this Escrow Agreement are inserted solely for the convenience of reference and shall not constitute part of this Escrow Agreement nor shall they affect its meaning, construction or effect.

(d)  This Escrow Agreement contains the entire agreements and understandings between the parties hereto with respect to the escrow arrangement.  No oral agreements or written correspondence shall be held to affect the provisions hereof.  All subsequent changes and modifications to be valid shall be by written instrument executed by all the parties to this Escrow Agreement.

(e)  All covenants, stipulations, promises, agreements and provisions of this Escrow Agreement shall apply to, bind and be obligatory upon the parties hereto, their respective heirs, executors, administrators, personal representatives, successors and assigns.

(f)  This Escrow Agreement may be executed in one or more counterparts and, in such event, all such counterparts shall constitute originals and all such counterparts shall constitute a single agreement.  To expedite completion of the terms of this Escrow Agreement, the parties agree that facsimile signatures shall be binding pending receipt of the original signatures on the executed Escrow Agreement.

*(Signatures are on following page.  Remainder of the page intentionally left blank.)*

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hands as of the day and year first above written. ~

**TRANSFEROR:**

By: _____BZ_____(SEAL)
Name: BRIAN KENDRELLA
Title: PRESIDENT
Company: STACK'S - BOWERS NUMISMATICS LLC
Date: 5/1/18

**TRANSFEREE:**

By:_____(SEAL)
Name: _____
Title: _____
Company: _____
Date: _____

**ESCROW AGENT:**

By:___Stevan Lieber___(SEAL)
Stevan Lieberman, Esq
Greenberg & Lieberman, LLC
1775 Eye St., NW Suite 1150
Washington, D.C. 20006
(202) 625-7000 (Direct 7016)
(202) 625-7001 Fax
Stevan@aplegal.com
Skype: stevanlieberman
Gmail & gtalk: stevanliebermanesq@gmail.com

## EXHIBIT A

Purchase and Sale Agreement for Coins.Com Domain Name
(attached)