KIRBY AISNER & CURLEY LLP
*Proposed Substitute Attorneys for the Debtor*
700 Post Road, Ste. 237
Scarsdale, New York 10583
(914) 401-9500
Erica R. Aisner, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

HAMPSTEAD GLOBAL, LLC,   Chapter 11
                         Case No. 19-22721 (RDD)
                Debtor.
------------------------------------------------------------X

**APPLICATION FOR AN ORDER AUTHORIZING THE
RETENTION OF KIRBY AISNER & CURLEY LLP AS SUBSTITUTE
ATTORNEYS FOR THE DEBTOR, *NUNC PRO TUNC* AS OF JUNE 21, 2019**

**TO:  THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtor and debtor-in-possession, HAMPSTEAD GLOBAL, LLC, ("Debtor"), files this application (the "Application") seeking an order, pursuant to 11 U.S.C. § 1103(a), authorizing the Debtor's retention and employment of Kirby Aisner & Curley LLP ("KAC"), as its substitute attorneys, as of June 21, 2019, and in substitution of the Law Office of Charles A. Higgs, ("Higgs"), respectfully sets forth and represents as follows

**INTRODUCTION**

1. On March 30, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the or this "Court").

2. The Debtor is currently in possession of its assets and management of its affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee,

examiner or statutory committee has been appointed.

3. The Debtor is a single member Limited Liability Corporation incorporated in Delaware, with offices in Tarrytown, New York, Scarsdale, New York and Santa Monica, CA.

## JURISDICTION

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

5. By the request of the Debtor, Higgs has ceased representation of the Debtor and the Debtor has sought representation by KAC, located at 700 Post Road, Suite 237, Scarsdale, New York 10583, as of June 21, 2019.

6. The Debtor therefore seeks authority to retain KAC as its substitute attorneys for the Debtor pursuant to Section 327(a) of the Bankruptcy Code to, among other things that it may direct, perform the following tasks:

(a) To give advice to the Debtor with respect to his power and duty as Debtor-in-Possession and the continued management of his property and affairs;

(b) To negotiate with creditors of the Debtor and work out a plan of reorganization and take the necessary legal steps in order to effectuate such a plan including, if need be, negotiations with the creditors and other parties in interest;

(c) To prepare the necessary answers, orders, reports and other legal papers required for the Debtor who seeks protection from its creditors under Chapter 11 of the Bankruptcy Code;

(d) To appear before the Bankruptcy Court to protect the interest of the Debtor and to represent the Debtor in all matters pending before the Court;

(e) To attend meetings and negotiate with representatives of creditors and other parties in interest;

(f) To represent the Debtor in connection with obtaining post-petition financing.

(g) To take any necessary action to obtain approval of a disclosure statement and confirmation of a plan of reorganization; and

(h) To perform all other legal services for the Debtor which may be necessary for the preservation of the Debtor's estate and to promote the best interests of the Debtor, his creditors and his estate.

7. KAC did not perform any services for or on behalf of the Debtor prior to June 21, 2019.

8. KAC has indicated a willingness to act on behalf of the Debtor and render the necessary professional services as attorneys to the Debtor.

9. Subject to this Court's approval, KAC will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith as set forth in the Aisner Declaration, which is annexed hereto as **Exhibit "A"**.

10. KAC intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules, orders of this Court, and the Guidelines promulgated by the United States Trustee. Compensation will be payable to KAC in compliance with the above rules, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by KAC.

11. To the best of the Debtor's knowledge, other than as may be disclosed in the accompanying Declaration of Erica Aisner**,** KAC and its respective attorneys have no connection nor hold nor represent any interests adverse to the Debtor, the Debtor's estate, the Debtor's

creditors, or any other party in interest herein or their respective attorneys or professionals in matters relating to the Debtor and its estate.

12. To the best of the Debtor's knowledge (i) KAC does not hold or represent any interest adverse to the Debtor with respect to the matters for which it is being retained; (ii) KAC is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code; (iii) neither KAC nor its professionals have any connection with the Debtor, its estate, or creditors; and (iv) KAC's employment is necessary and in the best interests of the Debtor.

13. The Debtor believes that the retention of KAC is in the best interest of the Debtor and its creditors.

14. No application has been made for the relief requested herein to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that they be authorized to employ and appoint KAC to represent it as its counsel in all matters herein *nunc pro tunc* as of June 21, 2019, in place of and in substitution for Higgs, and that it be granted such other and further relief as is just.

Dated: Scarsdale, New York
      June 25, 2019

By: */s/ Adam Perzow*
     ADAM PERZOW