KIRBY AISNER & CURLEY LLP
*Proposed Substitute Attorneys for the Debtor*
700 Post Road, Ste. 237
Scarsdale, New York 10583
(914) 401-9500
Erica R. Aisner, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

HAMPSTEAD GLOBAL, LLC,                    Chapter 11
                                          Case No. 19-22721 (RDD)
                        Debtor.
------------------------------------------------------------X

**DECLARATION OF ERICA AISNER, ESQ. IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN KIRBY AISNER & CURLEY LLP AS SUBSTITUE ATTORNEYS FOR DEBTOR, NUNC PRO TUNC, AS OF JUNE 25, 2019**

STATE OF NEW YORK            )
                             ) S.S.:
COUNTY OF WESTCHESTER        )

ERICA AISNER, ESQ., being duly sworn, deposes and says:

1. I am an attorney duly admitted to practice before this Court and a partner of the firm Kirby Aisner & Curley LLP ("KAC"), 700 Post Road, Suite 237, Scarsdale, New York 10583.

2. I am fully familiar with the facts stated herein and submit this Amended Declaration in support of an order authorizing Hampstead Global, LLC (the "Debtor") to employ and retain the KAC as his substitute attorneys *nunc pro tunc* as of June 25, 2019.

3. I have read and I am fully familiar with title 11 of the United States Code, Sections 101, et seq. (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and I am the partner of the KAC who will be responsible for KAC's representation of the Debtor in this case. I am fully competent to handle whatever might be expected of the Debtor's counsel in this matter.

4. KAC has never previously represented the Debtor or any affiliate or insider of the Debtor. As such, KAC is not a creditor of the Debtor or its estate.

5. In preparing this affidavit, a conflict search was conducted which compared a list of the debtor(s), all known creditors (the "Potential Party List") against KAC's database of all existing and prior matters and contacts (the "Database"). No parties on the Potential Party List were identified by KAC, or its members, as current or former clients of the firm or its members, or in any way related such that KAC could not be opposed to them.

6. Insofar as I have been able to ascertain, KAC is a disinterested party within the meaning of section 101(14) of the Bankruptcy Code, neither holds nor represents any adverse interest to, and has no connections to, the Debtor, the Debtor's estate, his creditors or any other party in interest herein or their respective attorneys and accountants with respect to matters for which KAC is to be engaged, other than as specifically set forth above.

7. KAC does not have any nonprofessional relationship with, or connection to, the United States Trustee or any of his or his office's attorneys or employees.

8. KAC has not undertaken and shall not undertake the representation of any insider or affiliate of the Debtor, absent further Court Order, while KAC is retained to represent the Debtor.

9. KAC has not agreed to share any compensation it may receive with another party or person, other than with the partners and associates of KAC.

10. Subject to Court approval, compensation will be paid to KAC for services provided on an hourly basis plus reimbursement of actual, necessary expenses incurred. KAC's 2019 hourly rates for matters related to these Chapter 11 proceedings are as follows:

    Attorneys             $410 to $525
    Paraprofessionals   $150

11. The hourly rates above are subject to periodic adjustment to reflect economic and other conditions. The hourly rates above are standard, if not below standard rates for work of this nature.

These rates are designed to fairly compensate KAC for the work of its attorneys and paralegals and to cover fixed routine overhead expenses.

12. It is the KAC's policy to charge its clients in all areas of practice for all expenses incurred in connection with the client's case. The expenses charged to clients include, telecopier, mail and express and overnight mail charges, special or hand delivery charges, photocopying charges, travel expenses, computerized research, and transcription costs. KAC will seek reimbursement of its expenses as allowed pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court.

13. KAC has received the sum of $5,000 from Adam Perzow, the Debtor's sole member, for payment of KAC's legal fees and expenses, incurred by the Debtor, in connection with the proposed retention.

14. In addition, Cary Perzow the father of the Debtor's principal has personally guaranteed the payment of all fees and expenses incurred by the Debtor in connection with its representation by KAC which exceed the retainer paid. Except in the event of conversion or dismissal, the retainer, any subsequent payment by Cary Perzow under the guaranty and the application of such monies, shall be subject to approval by the Bankruptcy Court.

15. Based upon the information available to me, and except as otherwise described herein, KAC neither holds nor represents any interest adverse to the Debtor, the Debtor's estate or its creditors as to the matters in which it is to be employed. I believe KAC is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code. I know of no reason why KAC cannot act as attorneys for the Debtor.

Dated:  Scarsdale, New York
        June 25, 2019

                                                    */s/ Erica R. Aisner*
                                                    Erica R. Aisner