UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 11
                                                          Case No. 19-22721
**HAMPSTEAD GLOBAL, LLC,**


                    Debtor
---------------------------------------------------------x

## APPLICATION TO EMPLOY AND RETAIN THE LAW OFFICE OF CHARLES A. HIGGS AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION NUNCE PRO TUNC TO THE MOTION FILING DATE

Hampstead Global, LLC the above captioned ("Debtor") submits this application seeking entry of an order authorizing the retention of The Law Office of Charles A. Higgs ("Charles A. Higgs, Esq.") as Special Litigation Counse to the Debtor in the above case. In support of this Application, the Debtor declares as follows:

### JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 1409.

### BACKGROUND

4. On March 31, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

5. The Debtor has continued as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in my Chapter 11 Case.

6. The Debtor's primary assets consist of two domain names, [www.coins.com](www.coins.com) and [www.rarex.com](www.rarex.com) along with related Intellectual Property.

**RELIEF REQUESTED**

7. Debtor seeks the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 327(e) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 6003 and Local Rules 2014-1 and 2016-1 authorizing the employment and retention of The Law Office of Charles A. Higgs to act as special litigation counsel for the Debtor nunc pro tunc to the filing date of this Motion.

8. The Debtor seeks retention of Charles A. Higgs, based on his familiarity with this case, his familiarity with the issues to be litigated, and his knowledge and experience in the area of bankruptcy law, specifically as applied to the facts of this case.

9. The Debtor does not believe that Charles A. Higgs holds any interests adverse to the Debtor. Contingent upon approval of this retention application to act as Special Litigation Counsel to the Debtor, Charles A. Higgs has agreed to waive any unpaid fees, costs, and expenses previously incurred in this case.

10. The Debtor has no connection to Charles A. Higgs, other than his prior representation of the Debtor in this bankruptcy case. The Debtor's sole member, Adam Perzow has agreed to pay an initial retainer of $2,000.00 to Charles A. Higgs in relation to the proposed retention of Charles A. Higgs as special litigation counsel to the Debtor in this case.

## GROUNDS FOR RELIEF

Section 327(e) of the Bankruptcy Code provides that a debtor, subject to court approval:

> "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

11 U.S.C. § 327(e).

11. Bankruptcy Rule 2014(a) requires that an application for retention include:

> "[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

Fed. R. Bankr. P. 2014(a).

12. The Debtor believes that the employment of Charles A. Higgs, Esq. as special litigation counsel to the Debtor is in the best interests of the Debtor and the bankruptcy estate and desires to employ Charles A. Higgs, Esq., with compensation to be determined upon application to this Court.

WHEREFORE, for the reasons set forth herein the Debtor respectfully requests that the Court enter an order, authorizing and approving the retention and employment of Charles A. Higgs, Esq. as special litigation counsel for the Debtor and Debtor-in-Possession in this case and granting such other and further relief as this Court deems just and proper.

Dated: July 15, 2019  
White Plains, NY

                                                        */s/ Adam Perzow*  
                                                      Adam Perzow, Sole Member  
                                                      of the Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re:                                                                            Chapter 11
                                                                                         Case No. 19-22721
**HAMPSTEAD GLOBAL, LLC,**


                            Debtor
-------------------------------------------------------x

**AFFIRMATION PURSUANT TO SECTION 327(e) OF THE UNITED STATES BANKRUPTCY CODE AND RULE 2016 OF THE FEDERAL RULE OF BANKRUPTCY PROCEDURE**

Charles A. Higgs, being duly sworn, deposes and says:

1. I am an attorney admitted to practice law in the State of New York and I am also admitted to practice in the Southern District of New York.

2. Debtor seeks to retain me as special litigation counsel in Debtor's Chapter 11 case and I am seeking to be retained as Special Litigation Counsel for Hampstead Global, LLC (the "Debtor" and the "Debtor-In-Possession") in the above captioned matter.

3. No agreement exists between myself and any other person for a division of compensation to be received for services in connection with the instant Chapter 11 case, nor shall I share or agree to share compensation paid or allowed from the Estate for such services with any other person, other than as permitted by section 504 of the code.

4. I previously represented Debtor as proposed counsel for the Debtor in this Chapter 11 case. Debtor has obtained substitution counsel in this case, and contingent upon approval of this retention application to act as Special Litigation Counsel, I have agreed to waive any unpaid fees, costs, and expenses previously incurred in this case. Other than as set forth above, I have no connection to the creditors or any other party in interest herein or their respective attorney.

4

5. Based on all of the foregoing, I respectfully submit that I do not hold, nor represent, any interest adverse to the debtor herein or his estate, in the matters upon which they are to be engaged.

6. All services to be rendered for which compensation will be sought, will be for services to be rendered to the Debtor solely in connection with the Debtor's Chapter 11 case and not on behalf of any individual creditors and/or other persons. I will make fee applications to the Court for approval of attorney's fees and costs in accordance with the Bankruptcy Code. The Debtor's sole member has agreed to provide an initial retainer of $2,000.00 for representation as special litigation counsel in this case. Attorney's fees and costs incurred in excess of the retainer amount will be paid by the Debtor and payment of my fees, costs, and expenses are being guaranteed by the Debtor's sole member, Adam Perzow individually.

7. No agreement or understanding prohibited by Section 155 of Title 18 of the United States Code or Section 504 of Title 11 of the United States Code has been or will be made by me.

8. The professional services that I will render include the following:

   a. Drafting and filing an adversary proceeding in this bankruptcy case and representation of the Debtor in the adversary proceeding;

   b. Advising the Debtor on litigation matters;

9. The Fee Amounts that will be charged are:

**Attorney: $400/HR**
**Paraprofessionals: $200/HR**

10. I am a "disinterested person" as the term is defined in Bankruptcy Code Section 101(14).

11. I am not aware of any past or present relationship that would disqualify me from representing this debtor. As set forth in paragraph 4 of this Affirmation, contingent upon approval by the Court of this retention application to act as Special Litigation Counsel to the Debtor, I have agreed to waive any unpaid fees, costs, and expenses previously incurred in this case.

12. Retention as special litigation counsel to the Debtor in this case would be beneficial as I am familiar with this Chapter 11 case, the issues to be litigated, and the Debtor's operations in general.

Respectfully submitted,

By: */s/ Charles A. Higgs*
Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
Proposed Special Litigation
 Counsel for the Debtor
115 E. 23rd Street, 3rd FL
New York, NY 10010
(917) 678-3768
Charles@FreshStartEsq.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

HAMPSTEAD GLOBAL, LLC,                         Chapter 11
                                                                          Case No. 19-22721 (RDD)
                                           Debtor.
------------------------------------------------------------X

## DECLARATION RELATING TO
## PAYMENT OF THIRD-PARTY RETAINER

Adam Perzow hereby declares, under the penalties of perjury, the following:

       1.        I am not a party to the above captioned bankruptcy proceeding. I am the sole member of the debtor and debtor-in-possession (the "<u>Debtor</u>"). I submit this Declaration in support of the application filed by the above-captioned Debtor relating to the retention of the Law Office of Charles A. Higgs as Special Litigation Counsel for the Debtor in this bankruptcy case.

       2.        In order to secure the services of the Law Office of Charles A. Higgs as Special Litigation Counsel to the Debtor in this Chapter 11 case, I have agreed to pay a third-party retainer in the amount of $2,000.00 toward fees, costs and expenses to be incurred in this Chapter 11 bankruptcy case, subject to Bankruptcy Court approval.

       3.        Although I have been advised by the Law Office of Charles A. Higgs to consult with my own counsel, I have not retained independent legal counsel regarding the payment.

       4.        I understand that the undivided loyalty of the Law Office of Charles A. Higgs is to its client, the above-captioned Debtor.

       5.        Further, I am not a creditor of the Debtor and do not have any intention of asserting a claim against the estate of the Debtor for funds advanced for legal fees in this case.

       6.        Based upon the foregoing, it is my belief that I do not have any adverse interest

against the estate of the Debtor herein, or with any creditor or any other party in interest.

Dated: New York, New York
      July 15, 2019

                                                                                     By:*/s/ Adam Perzow*
                                                                                           Adam Perzow