UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

HAMPSTEAD GLOBAL, LLC,                             Case No. 19-22721-rdd

                        Debtor.
_____X

HAMPSTEAD GLOBAL, LLC,

                        Plaintiff,          Adv. Case No._____

v.

STACK'S-BOWERS NUMISMATICS, LLC,

                        Defendant.
_____X

## COMPLAINT

HAMPSTEAD GLOBAL, LLC ("Plaintiff") by and through its litigation counsel, Charles A. Higgs, Esq. complains of the Defendant as follows:

## SUMMARY

1. Hampstead Global, LLC ("Plaintiff ") has commenced this action seeking declaratory relief and damages against the Defendant. The causes of action upon which Plaintiff seeks relief arise primarily from the various bad faith actions taken by the Defendant, including but not limited to: (A) intentionally breaching the confidentiality provision in the Contract between the parties by filing the full coins.com purchase and sale agreement (the "Contract") on the docket and claims register in Plaintiff's bankruptcy, causing the Contract to become public record; (B) Defendant's unauthorized use of the coins.com name on its website on multiple occasions after the coins.com domain had been sold to Plaintiff

and (C) Defendant's refusal to immediately remove the Contract from the bankruptcy docket and claims register after Debtor made multiple requests to do so. Defendant has engaged in purposeful; on-going, bad faith tactics, the primary purpose and intent of which is to obtain possession of the coins.com domain name, which Defendant now realizes is worth significantly more than what Defendant sold the coins.com domain for.

## STATUTORY GROUNDS FOR RELIEF

2. The statutory grounds for the relief sought herein are: Sections 105(a), 362(a), 362(k), 544, 502(b) and 506(d) of the United States Bankruptcy Code and Rules 7001(2), 7001(9) and 7001(7) of the Federal Rules of Bankruptcy Procedure.

## THE PARTIES

3. Plaintiff is a Delaware Limited Liability Company operating out of New York.

4. Defendant is a Delaware Limited Liability Company, with its primary office located at 1231 East Dyer Rd., Suite 100, Santa Monica, CA 92705.

## JURISDICTION

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a), 1334(b), and 157(b).

6. Each of the causes of action asserted by the Plaintiff constitute core proceedings as defined in 28 U.S.C. §§ 157(b)(2)(A), (B) and (K). Plaintiff consents to entry of final orders by the bankruptcy court on each of the causes of action set forth in the Complaint.

# FACTS

7. On April 30, 2018, prior to Plaintiff's bankruptcy filing, Plaintiff and Defendant entered into a purchase and sale agreement (the "Contract"), pursuant to which Plaintiff purchased the domain name www.coins.com from the Defendant.

8. In accordance with the terms of the Contract, Plaintiff made a substantial initial payment to the Defendant in the amount required under the Contract.

9. Upon signing the Contract and making the initial payment, title to registration of the coins.com domain name, along with any and all rights associated with the coins.com domain name, were transferred to a trust/escrow for the benefit of the Debtor.

10. Upon making the initial payment, Plaintiff immediately obtained the exclusive right to use the coins.com domain name.

11. Plaintiff met with Defendant, and an affiliate A-Mark, on several occasions for purposes of discussing a potential joint venture, focused on building a digital currency platform using the coins.com domain, with the possibility of also creating a digital currency. Greg Roberts, the CEO of both the Defendant, and the Defendant's affiliate company, A-Mark, attended at least one of these meetings.

12. Defendant made it abundantly clear to Plaintiff in multiple emails and phone calls that Defendant was significantly interested in entering into the digital currency marketplace.

13. Upon information and belief, without advising Plaintiff it was doing so, Defendant sought to use the confidential information and ideas it obtained through its meetings with the Plaintiff to pursue business opportunities and activities for its own benefit. Furthermore, after meeting with Plaintiff on multiple occasions to discuss the possibility of a joint venture focused on digital currency, Defendant began attending multiple conferences focused on distributed ledger technology, blockchain, and digital currency,

all with the intent of misappropriating the confidential information and ideas shared by Plaintiff in its meetings with the Defendant.

14. Despite having sold the coins.com domain name to the Plaintiff, Defendant continued to use the coins.com domain on its website, in direct violation of the terms of the Contract. Despite restrictions in the Contract, Defendant has also continually used the confusingly similar "coins" moniker in other websites created for their company.

15. After completion of the sale of the coins.com domain to Plaintiff, Defendant expressed to Plaintiff on several occasions that Defendant was concerned about the impact that the sale of the coins.com domain was having on its Google ranking and on its ability to generate leads through search engine traffic.

16. Upon information and belief, after the sale of the coins.com domain, Defendant continued to display the coins.com name on its website and Defendant also created confusingly similar websites using the "Coins" term with the purpose and intent of diverting search engine traffic away from coins.com to Defendant's website. <u>True and Accurate images demonstrating Defendant's unauthorized use are attached as Ex. A.</u>

17. As the result of Defendant's actions, Plaintiff has been required to send notices to the Defendant on several occasions demanding that Defendant immediately cease its unauthorized use of the coins.com name on its website. Despite Plaintiff's demands, Defendant continued using the coins.com name on its website.

18. Defendant's unauthorized use of the coins.com name coupled with Defendant's other actions, have negatively impacted the value and marketability of the coins.com domain.

19. On or about March 30, 2019 (the "Petition Date"), Plaintiff commenced this bankruptcy by filing a bankruptcy petition under Chapter 11 of the Bankruptcy Code.

20. Since the Petition Date, Plaintiff has been actively involved in discussions with potential

4

partners, purchasers, and lenders with respect to deals centered around the coins.com domain.

21. Market conditions for digital currency and related technologies have been extremely favorable since the Petition Date. These favorable market have been driven primarily by two notable events: (i) the value of bitcoin has climbed from $4,110.00 on the Petition Date to its current value of approximately $12,000.00; and (ii) on June 16, 2019 Facebook formally announced that it was in the process of creating a digital currency, which will be known as Libra.

22. Despite the extremely favorable conditions in the digital currency market, Plaintiff's efforts to maximize the value of the estate have been stymied by the bad faith tactics employed by the Defendant; in particular, Defendant's decision to intentionally violate the confidentiality agreement between the parties by filing the Contract on the docket and claims register. The only explanation for Defendant's conduct is that Defendant has no interest in payment and is instead motivated only by its desire to obtain possession and control of the domain name.

23. After the Petition Date but prior to Defendant filing the Contract on the docket and claims register; Plaintiff, through counsel, spoke with Defendant's bankruptcy counsel and reminded Defendant's bankruptcy counsel of the confidentiality provision in the Contract. Plaintiff's bankruptcy counsel further emphasized to Defendant's counsel that maintaining confidentiality was extremely important, particularly with respect to Debtor's on-going efforts to negotiate a deal that would maximize the value of the coins.com domain name and in turn maximize the value of the bankruptcy estate.

24. Plaintiff's bankruptcy counsel also advised Defendant's bankruptcy counsel that in order to maintain confidentiality of the terms of the agreement, Plaintiff was willing to enter

5

into a stipulation that would alleviate any perceived need to file the Contract on the bankruptcy docket or claims register.

25. Thereafter a 341A meeting was conducted, at which time the Debtor, with counsel, appeared for examination. Defendant's counsel also appeared at the 341 meeting.

26. Immediately after the 341 meeting, Debtor, Debtor's attorney, and Defendant's attorney spoke in person. During that conversation, the parties agreed that it made sense to explore a possible consensual resolution prior to engaging in litigation. Plaintiff indicated that it was working on a settlement proposal, which would be sent to Defendant's counsel in the following weeks.

27. As had been discussed, Plaintiff, through its counsel, sent a settlement proposal to Defendant's counsel by email.

28. Based upon the discussion between the parties after the 341 meeting, Plaintiff was under the impression that Defendant was evaluating the settlement proposal and that a response from the Defendant would be forthcoming.

29. Defendant did not respond to Plaintiff's settlement proposal, instead without any further discussion, Defendant filed a Motion to Dismiss the bankruptcy case. Notably, despite having been previously advised of the importance that confidentiality be maintained with respect to the Contract, Defendant filed the full unredacted Contract with its motion dismiss. Additionally, Defendant filed a proof of claim, which also contains the full unredacted Contract.

30. On July 8, 2019 Plaintiff, through its counsel sent a letter to Defendant's counsel further advising Defendant's counsel that the filing of the Contract on the Docket constituted a breach and violation of the terms of Contract and was causing substantial damages to Plaintiff, which were growing each day and that Defendant should take immediate steps

6

to remove the Contract from the docket and the claims register. <u>A true and correct copy of the July 8, 2019 email is attached as Ex. B.</u>

31. On July 8, 2019 Defendant, through counsel, sent a letter in response indicating that the Defendant disagreed with Plaintiff's contention and further advised Plaintiff that Defendant would not be removing the Contract from the docket and claims register.

32. On July 12, 2019, Plaintiff, through counsel, sent Defendant's counsel an additional demand to immediately have the Contract removed from the docket and claims register and further advised that Defendants on-going breach of the confidentiality provisions was causing Plaintiff substantial on-going damages and was interfering with Plaintiff's ability to maximize the value of the domain.

33. Despite Plaintiff's on-going demands that Defendant remove the Contract from the bankruptcy docket and claims register, Defendant repeatedly refused to do so. It was only after Plaintiff made a retention application to retain special litigation counsel for the purpose of commencing this adversary proceeding that Defendant finally made a motion to seal on regular notice with no attempts whatsoever to expedite the removal of the confidential documents from the Court's public docket.

34. Defendant knowingly, willfully, and intentionally breached the confidentiality provisions of the Contract by filing the Contract on the docket and claims. Defendant's intentional violation of the confidentiality provision in the Contract was a strategic decision by the Defendant, carried out with the purpose and intent of disrupting Plaintiff's reorganization efforts, and as a means to either obtain possession of the domain name or alternatively as a means of coercing the Plaintiff into making immediate payment to Defendant.

## FIRST CAUSE OF ACTION:
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

35. Paragraphs 1-34 above are repeated and realleged with the full force and effect as if fully stated and alleged herein.

36. Plaintiff and Defendant entered into a Contract, whereby Plaintiff purchased the coins.com domain name from Defendant.

37. The Contract imposes upon the parties an implied covenant of good faith and fair dealing.

38. The Contract contains a significant confidentiality provision, requiring that the contract be kept confidential.

39. Defendant knowingly, willfully, and purposefully breached the confidentiality provisions of the contract by filing the contract on the bankruptcy docket and the claims register, which caused the contract to become public record.

40. Defendant also breached the terms of the contract by using coins.com on its website after the sale in direct violation of the terms of the contract.

41. Defendant's actions have been carried out in bad faith and in direct violation of the terms of the Contract.

42. Defendant's actions were done with the intent of causing damages to the Plaintiff.

43. Defendant's actions resulted in the Plaintiff causing Plaintiff to incur damages, including but not limited to (i) diverting internet traffic away from coins.com; (ii) causing coins.com to rank lower in search engine results; (iii) driving down the value of coins.com; and (iv) causing Plaintiff to lose business opportunities, that would have resulted in Plaintiff realizing significant financial return.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT

44. Paragraphs 1- 43 are restated and realleged with the same force and effect as if fully stated and alleged herein.

45. Plaintiff and Defendant entered into a Contract, whereby Plaintiff purchased the coins.com domain name from Defendant.

46. Defendant breached the Contract by: (i) using the coins.com name on its website on multiple occasions after the coins.com domain had been sold to Plaintiff; (ii) breaching the confidentiality provision in the Contract by filing the agreement on the docket and claims register in Plaintiff's bankruptcy, causing the Contract to become public record; (iii) breaching the mutual cooperation clause by failing to immediately remove the Contract from the bankruptcy docket and the bankruptcy claims register after Debtor made multiple requests to do so; and (iv) breaching the sellers representations and warranties clause by using the coins.com domain name after the sale had occurred for the purpose of generating leads for third parties through Defendant's website.

47. Defendants breach of the Contract has caused Plaintiff to incur damages, including but not limited to: (i) loss of valuable business opportunities; (ii) impaired coins.com search engine ranking; (iii) causing a decrease in the value of coins.com; and (iv) causing confidential information related to the domain name transaction to become widely and easily known, thereby disrupting Debtor's rehabilitation efforts.

## THIRD CAUSE OF ACTION:
## DECLARATORY JUDGMENT

48. Paragraphs 1- 47 are restated and realleged with the same force and effect as if fully stated and alleged herein.

9

49. Plaintiff seeks a declaratory judgment and determination that: (i) the Contract between the Plaintiff and Defendant is non-executory; and (ii) that Defendant holds either a general unsecured claim, an unsecured claim with an escrow guarantee, or an unperfected secured claim subject to avoidance under Section 544 of the Bankruptcy Code.

50. The Contract has been substantially performed by both Plaintiff and Defendant. Neither Plaintiff nor Defendant have any remaining material obligations remaining under the Contract. Failure of either party to fulfil any obligation under the Contract at this point would not constitute a material breach of the terms of the Contract.

51. The domain name and all rights associated with the domain name have already been transferred to escrow where the domain is held for the benefit of Plaintiff. Plaintiff's remaining obligation under the Contract is to make on-going payments to Defendant, which cannot render the Contract executory.

52. Furthermore, signature of the Contract and tender of the initial payment by Plaintiff, resulted in the coins.com domain and all associated rights being transferred. Defendant did not retain any legal rights to, or control over, the coins.com domain.

53. For the reasons set forth above, Plaintiff is entitled to a declaratory judgment and determination that the Contract is non-executory.

**FOURTH CAUSE OF ACTION:
AVOIDANCE UNDER SECTION 544(a)**

54. Paragraphs 1- 53 are restated and realleged with the same force and effect as if fully stated and alleged herein.

55. Plaintiff and Defendant entered into a Contract, whereby Plaintiff purchased the coins.com domain from Defendant.

56. Under the terms of the Contract, Defendant's role was not only seller of the coins.com

domain but that of the lender financing the purchase of coins.com.

57. As of the date of the bankruptcy filing Defendant did not have a perfected security interest in the coins.com domain name.

58. Section 544(a) of the Bankruptcy Code provides Plaintiff with the right and ability to avoid unperfected security interests in property of the estate. As such, Plaintiff has the right and ability in this case to avoid any security interest that may be claimed by the Defendant. To the extent Defendant asserts any security interest in this case, Plaintiff seeks to avoid same under Section 544(a).

59. Plaintiff requests a declaratory judgment, pursuant to Section 544(a) of the Bankruptcy Code, avoiding any purported lien or security interest asserted by Defendant against the coins.com domain name.

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF THE AUTOMATIC STAY**

60. Paragraphs 1- 59 are restated and realleged with the same force and effect as if fully stated and alleged herein.

61. Prior to the bankruptcy filing, Plaintiff and Defendant entered into a Contract, under which Plaintiff purchased the coins.com domain from Defendant.

62. The Contract contains a confidentiality provision, requiring the parties to maintain confidentiality with respect to the Contract and the terms therein.

63. Pursuant to Section 541 of the bankruptcy code, the coins.com domain and Plaintiff's contractual rights under the Contract are property of the estate.

64. Section 362(a)(3) of the Bankruptcy Code prohibits efforts to possession or control of property of the estate.

65. Section 362(a)(6) of the Bankruptcy Code prohibits acts to collect, assess, or recover a claim against the Debtor that arose before the commencement of the bankruptcy petition.

11

66. Defendant knowingly violated the confidentiality provision of the Contract by filing the Contract on both the bankruptcy docket and on the bankruptcy claims register.

67. Defendant intentionally and purposely breached the confidentiality provision of the Contract for the purpose of interfering with Plaintiff's post-petition efforts to secure a deal with respect to the to the coins.com domain.

68. Defendant intentionally breached the confidentiality provision of the Contract as a means for obtaining control of property of the estate, specifically the coins.com domain, and as a means to collect and recover its pre-petition claim against the Debtor.

69. Plaintiff, by counsel, specifically reiterated to Defendant's counsel the importance of keeping the Contract confidential. Plaintiff, through counsel, also advised Defendant that filing the Contract on the docket or claims register would significantly interfere with Plaintiff's on-going negotiations and efforts with respect to maximizing the value of the coins.com domain.

70. Defendant filed the Contract on the docket and on the claims register in violation of the confidentiality provision of the Contract with the purpose and intent of: (i) interfering with Plaintiff's reorganization efforts; (ii) coercing Plaintiff to make payment of a pre-petition debt to the Defendant; and (iii) as a means for Defendant to obtain control of the coins.com domain.

71. Despite multiple requests made by the Plaintiff, and despite Defendant's knowledge of the on-going damages being caused to Plaintiff, Defendant repeatedly refused to take the necessary steps to have the Contract removed from the docket and claims register.

72. Defendant's stay violations have caused damages, including but not limited to: (i) significantly interfering with Plaintiff's efforts and ability to negotiate a deal that will maximize the value of the coins.com domain; (ii) causing Plaintiff to incur unnecessary

legal fees and costs; and (iii) causing Plaintiff to lose valuable business opportunities.

73. In violating the stay, Defendant's acted in bad faith and with malicious intent, as such in addition to actual damages, the Court should also impose punitive damages against the Defendant.

### SIXTH CAUSE OF ACTION: VIOLATION OF UNIFORM TRADE SECRETS ACT

74. Paragraphs 1- 73 are restated and realleged with the same force and effect as if fully stated and alleged herein.

75. Plaintiff and Defendant entered into a Contract, under which Plaintiff purchased the coins.com domain from the Defendant.

76. The information and terms of the Contract constitute a trade secret of the Plaintiff.

77. The Contract contains a confidentiality provision, which requires the parties to maintain confidentiality with respect to the Contract and the terms therein.

78. The confidential nature of the terms and information of the Contract added value to the coins.com domain and to the Contract.

79. Prior to Defendant's breach of the confidentiality provision, Plaintiff reminded Defendant of the confidentiality provision in the Contract, of Plaintiff's continuing desire that the Contract be kept confidential, of the fact that breach of the confidentiality provision would result in significant damages to Plaintiff.

80. Defendant knowingly violated the confidentiality provision of the Contract by filing the Contract on the bankruptcy docket as well as on the claims register, resulting in the Contract and the terms therein becoming publicly available.

81. Despite Plaintiff having made multiple requests that Defendant immediately take steps to remove the Contract from the Docket and Claims register, Defendant refused to do so.

82. Defendant's breach of the confidentiality agreement has resulted in damages to Plaintiff, including depriving Plaintiff of significant leverage in its efforts to monetize the domain, through either a joint venture or a sale.

83. Plaintiff seeks compensatory damages, actual damages, and punitive damages in an amount equal to twice the amount of compensatory damages.

## SEVENTH CAUSE OF ACTION:
## UNFAIR BUSINESS COMPETITION

84. Paragraphs 1- 83 are restated and realleged with the same force and effect as if fully stated and alleged herein.

85. Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff purchased the coins.com domain name.

86. Despite having sold the coins.com domain name to Plaintiff, Defendant continued to use the coins.com name on its website.

87. Defendant's continued use of the coins.com name on its website, negatively impacted the organic search result ranking of coins.com, which in turn diminished the value of the coins.com domain.

88. Defendant's use of coins.com on its website, resulted in internet traffic being diverted from coins.com to websites maintained by the Defendant. Defendant's improper use of the coins.com name on its website also created confusion with respect to the associations made with coins.com (i.e. whether coins.com was a platform related to digital currency or whether coins.com was a platform associated with physical coin collecting).

89. Defendant's use of the coins.com name on its website post-sale resulted in the damages to Plaintiff described above. Additionally, Defendant's unauthorized use of coins.com on its website post-sale should be considered within the context of Defendant's other acts, which demonstrate a pattern of bad faith by the Defendant.

90. Plaintiff seeks compensatory damages from Defendant for damages arising from Defendant's acts that constitute Unfair Business Competition.

## EIGHTH CAUSE OF ACTION:
## COMMON LAW TRADEMARK INFRINGEMENT

91. Paragraphs 1- 90 are restated and realleged with the same force and effect as if fully stated and alleged herein.

92. Plaintiff owns common law rights to coins.com. The terms of the Contract are governed by California law.

93. Defendant's unauthorized use of the coins.com domain name on its website constituted trademark infringement under California common law.

94. Defendant's unauthorized use of the coins.com domain name on its website has caused damages to the Plaintiff including diversion of web traffic from coins.com to websites maintained by the Defendant and confusion with respect to the associations made with coins.com (i.e. whether coins.com was a platform related to digital currency or whether coins.com was a platform associated with physical coin collecting).

## NINTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT

95. Paragraphs 1- 94 are restated and realleged with the same force and effect as if fully stated and alleged herein.

96. As outlined in this Complaint, Defendant has acted in bad faith throughout this bankruptcy proceeding, with the goal and intent of interfering with Plaintiff's reorganization efforts.

97. Defendant's actions have caused harm to Plaintiff and to the bankruptcy estate as a whole.

98. Defendant's actions were not done with the purpose and intent of asserting or protecting its legal rights, instead Defendant's actions were carried out with malicious intent, the purpose of which was to intentionally damage Plaintiff.

99. In light of Defendant's egregious conduct and bad faith acts during this bankruptcy, Plaintiff seeks a declaratory judgment designating Defendant's vote under any subsequently filed Chapter 11 plan in this case.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant:

(a) On the First Cause of Action for damages related to Defendant's breach of the covenant of good faith and fair dealing;

(b) On the Second Cause of Action for damages arising from Defendant's breach of contract;

(c) On the Third Cause of Action for declaratory judgment determining that the Contract is non-executory and further that Defendant's claim is either a general unsecured claim, unsecured with an escrow guarantee, or a secured claim subject to avoidance;

(d) On the Fourth Cause of Action avoiding any purported security interest of Defendant in the domain and deeming Defendant's claim to be a general unsecured claim;

(e) On the Fifth Cause of Action, for a determination that Defendant violated the automatic stay, holding Defendant in contempt for violation of the automatic stay and awarding actual and punitive damages;

(f) On the Sixth Cause of Action for a determination that Defendant violated the California Uniform Trade Practices Act;

(g) On the Seventh Cause of Action an award of damages against Defendant for Unfair Business Competition;

(h) On the Eighth Cause of Action an award of damages against Defendant for common law trademark infringement;

(i) On the Ninth Cause of Action for declaratory judgment designating Defendant's vote under any Chapter 11 plan filed in this case;

(j) Awarding Plaintiff reasonable attorney's fees and costs as allowed for under the Contract on all causes of action;

(k) For a determination that all damages, fees and costs obtained by Plaintiff under this action shall be subject to setoff against any monies owed to Defendant under the Contract;

and

(l) Awarding such other relief as this Court deems just and proper.

Dated: August 7, 2019　　　　　　　　　　/s/ Charles A. Higgs
New York, NY
　　　　　　　　　　　　　　　　　　　　―――――――――――
　　　　　　　　　　　　　　　　　　　　Charles A. Higgs
　　　　　　　　　　　　　　　　　　　　Law Office of Charles A. Higgs
　　　　　　　　　　　　　　　　　　　　Attorney for the Plaintiff
　　　　　　　　　　　　　　　　　　　　450 Lexington Ave, 4th FL
　　　　　　　　　　　　　　　　　　　　New York, NY 10017
　　　　　　　　　　　　　　　　　　　　(917) 673-3768
　　　　　　　　　　　　　　　　　　　　Charles@FreshStartEsq.com