UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

HAMPSTEAD GLOBAL, LLC,                                          Chapter 11
                                                                Case No. 19-22721 (RDD)
                                    Debtor.
------------------------------------------------------------X

# ORDER AUTHORIZING RETENTION OF
# KIRBY AISNER & CURLEY LLP AS SUBSTITUTE ATTORNEYS
# FOR DEBTOR, NUNC PRO TUNC TO JUNE 21, 2019

**UPON** the application, dated June 25, 2019 (the "Application"), of the above-captioned debtor and debtor in possession (the "Debtor"), seeking to retain Kirby Aisner & Curley LLP (the "KAC Firm") as substitute attorneys to the Debtor pursuant to § 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and upon the Declaration of Erica R. Aisner, Esq. dated June 25, 2019, the Declaration of Adam Perzow dated June 25, 2019, and the Declaration of Cary Perzow dated June 25, 2019; and the Court having found that the KAC Firm neither holds nor represents an interest adverse to the Debtor or its estate, is disinterested within the meaning of § 101(14) of the Bankruptcy Code, and that its employment is necessary and would be in the best interest of the estate; and no additional notice or hearing being required, it is hereby

**ORDERED** that the Application is granted as set forth herein; and it is further

**ORDERED** that, pursuant to § 327(a) of the Bankruptcy Code, the Debtor is authorized to retain the KAC Firm as its general attorneys in this case, *nunc pro tunc* to June 25, 2019, in substitution for its proposed former counsel, Charles A. Higgs, Esq.; and it is further

**ORDERED** that the compensation and reimbursement of expenses of the KAC Firm shall be sought upon, and paid only upon an order granting, a proper application pursuant to §§ 330 and

331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

**ORDERED** that prior to implementing any increases in the KAC Firm's rates in this case, the KAC Firm shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. All parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

**ORDERED** that the KAC Firm shall not duplicate the services of any other professional retained by the Debtor in this case; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED** that if there is any inconsistency between the terms of this Order, the Application, and the supporting Declarations, the terms of this Order shall govern.

Dated: White Plains, New York
       August 8, 2019

                                           /s/Robert D. Drain
                                           HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

*/s/ Andy Velez-Rivera*
United States Trustee
By: Andy Velez-Rivera, Trial Attorney
Dated: August 8, 2019