Teitelbaum Law Group LLC
Attorneys for Stack's-Bowers Numismatics, LLC
d/b/a Stack's Bowers Galleries
1 Barker Avenue
White Plains, New York 10610
Tel. 914.437.7670
E. Mail jteitelbaum@tblawllp.com
Jay Teitelbaum, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No: 19-22721(RDD) |
| HAMPSTEAD GLOBAL, LLC, | : | |
|         Debtor | : | |

------------------------------------------------------

## DECLARATION OF JAY TEITELBAUM IN SUPPORT OF OBJECTION BY STACK'S-BOWERS NUMISMATICS

**JAY TEITELBAUM,** an attorney duly admitted to practice law in the State of New York and before this Court, hereby affirms under penalty of perjury:

1. I am the attorney for Stack's-Bowers Numismatics, LLC, d/b/a Stack's Bowers Galleries ("**Stacks**") and submit this declaration in opposition to the Debtor's motion for an order pursuant to Sections 105 and 362(k) of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Bankruptcy Rule 9020 (the "**Motion**") holding Stacks in contempt for violating the automatic stay in connection with the commencement of a an action captioned *Stack's-Bowers Numismatics, LLC v. Adam Michael Perzow, etc.,* Case No. 19SM CV00875 in the Superior Court of the State of California, County of Los Angeles (the "**Action**").

2. The Debtor's Motion misrepresents facts regarding the conduct of the August 9 hearing. The Motion was purportedly drafted by Mr. Higgs who was not present in court on

August 9, 2019 and was not party to any conversations between the undersigned and Attorney Aisner.

3. The Debtor alleges that Stacks made the request for the adjournment and withheld facts from the Court or counsel. This is not true.

4. Stacks filed a motion to dismiss the case and/or compel assumption or rejection of the Purchase and Sale Agreement (ECF Docket No. 15) (the "**MTD/Compel**"). The MTD/Compel was originally returnable July 12, 2019. At the request of Attorney Aisner, the undersigned agreed to an adjournment and the Court provided the parties with August 9, 2019.

5. On August 8, 2019 at 6:28 p.m. the Debtor filed a proposed plan (without a disclosure statement) which proposed a treatment for Stack's claim.

6. Prior to receipt of the plan, at the request of California counsel who had been unable to serve Mr. Perzow with the summons and complaint in the California Action, the undersigned made arrangements for a process server to be at the Bankruptcy Court to serve Mr. Perzow outside the courthouse either before or after the hearing.

7. Upon reviewing the proposed plan, the undersigned determined that there was a basis to have settlement discussions regarding the treatment of the Stack's claim and determined that service of pleadings would not further good faith discussions..

8. On August 9, 2019 prior to the hearing on the MTD/Compel, the undersigned and Attorney Aisner agreed that a settlement was preferable to litigation and agreed to adjourn the MTD/Compel in order to give the parties an opportunity to review the proposed plan and try to negotiate terms of a global settlement.

9. After discussions with Attorney Aisner and before the hearing on the MTD/Compel the undersigned directed the process server to leave and not to try to effect service. The process server was not in the court room during the hearing on August 9.

10. During the hearing, Attorney Aisner and the undersigned apprised the Court of their intention to try to resolve the MTD/Compel and treatment of Stack's claim and the matter was adjourned to October 7, 2019.

11. Attorney Aisner also advised the Court that the adjournment would give the Debtor time to file a disclosure statement and seek a hearing regarding approval of the disclosure statement. To date no disclosure statement has been filed and the undersigned is not aware of any time to object to the plan on file or to a disclosure statement.

12. Following the hearing, the undersigned and Attorney Aisner had further discussions, including the fact that all litigation should be on hold, including with respect to the Action, the Adversary Proceeding and the MTD/Compel during the pendency of good faith settlement discussions.

13. The undersigned specifically advised Attorney Aisner that the basis for the complaint in the Action were Mr. Perzow's material misrepresentations regarding himself and his ability to secure funds to pay for the Domain name with the intent to inducing Stacks to enter into the transaction; that Stacks relied upon these material misrepresentations and was fraudulently induced to enter into the PSA. I further advised that Stacks had been attempting service upon Mr. Perzow and that we had arranged for a process server to be at the Court house to serve Mr. Perzow. I confirmed that upon review of the proposed plan and the prospect of settlement discussions, service was not effected as a gesture of good faith, but requested that counsel consider accepting service in the future.

14. Attorney Aisner stated that she understood the basis for the claims against Mr. Perzow. Attorney Aisner did not demand or request that the Action be withdrawn or assert that the claims against Mr. Perzow violated the automatic stay.

15. To the contrary, the undersigned and Attorney Aisner agreed that Attorney Aisner would meet with Mr. Perzow and propose a revised treatment of the Stack's claim in an effort to achieve a global settlement, including the Action, and that the parties should stand down on all litigation if there were going to be settlement discussions.

16. On August 15 and 27 the undersigned sent emails to Attorney Aisner to follow up on the status of a settlement proposal. Attorney Aisner responded that she was working on it, but was busy with several other matters and a scheduled vacation.

17. On September 3, 2019 Attorney Higgs filed the Motion.

18. Following the filing of the Motion, the undersigned called Attorney Aisner seeking an explanation and was told that she is bankruptcy counsel and does not control Attorney Higgs.

19. On September 19, 2019 the undersigned received a call from Attorney Dawn Kirby regarding her role in the case and seeking to open up settlement discussions. After several return messages were left by the undersigned, Attorney Kirby and I spoke on September 24, 2019. While the substance of our discussion is covered by FRE 408, at one aspect was not. Ms. Kirby advised that she intended to seek an extension of the Debtor's exclusive period and asked if I would be willing to consent to an extension. I responded that I would and I expected to receive a stipulation extending the Debtor's exclusive period until December 31, 2019. Instead, the Debtor filed ECF 45 together with another baseless and inflammatory pleading. Stack's

intends to object to the Debtors Motion on the ground that there is no evidence that the Debtor can propose a confirmable plan as required by §1121(e)(3(A).

20. Attached hereto as Exhibit A is a true and accurate copy of ECF Docket No. 9, Debtor's Schedules A-H.

21. Attached hereto as Exhibit B is a true and accurate copy of ECF Docket No. 2, Debtor's Statement of 20 Largest Creditors.

22. Attached hereto as Exhibit C is a true and accurate copy of the District Court decisions in *In re Heath Global* reported at *In re Heath Global, Inc.* 492 B.R. 650, 652-654 (S.D.N.Y. 2013), *reargument denied,* 2013 U.S. Dist. Lexis 180683 (S.D.N.Y. 2013).

23. Attached hereto as Exhibit D is a true and accurate copy of the transcript of the Bankruptcy Court hearing and decision on remand in *In re Heath Global,* Case No. Case No. 12-10511.

24. Attached hereto as Exhibit D is a true and accurate copy of this Court's May 22, 2007 ruling in *In re Delphi Corp.,* Case No. 05-44481 (RDD), cited by the Debtor in the Motion.

Dated: September 30, 2019

                                              **Teitelbaum Law Group LLC**

By: __/s Jay Teitelbaum__
Attorneys for Stack's Bowers Numismatics,
LLC d/b/a Stack's Bowers Galleries
1 Barker Avenue
White Plains, New York 10610
Tel. 914.437.7670
E. Mail jteitelbaum@tblawllp.com