UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date: 10/7/19
Hearing Time: 10:00 a.m.

———————————————————X

IN RE:

HAMPSTEAD GLOBAL, LLC,

                  Debtor.

CH. 11
Case No. 19-22721(RDD)

———————————————————X

## DECLARATION OF RICHARD C. SPENCER IN SUPPORT OF OBJECTIONS BY STACK'S-BOWERS NUMISMATICS, LLC

    Richard C. Spencer, an attorney duly admitted to practice law in the State of California, hereby affirms under penalty of perjury:

    1.    I am and have been counsel for STACK'S-BOWERS NUMISMATICS, LLC ("STACK'S") at all times before and after the filing of the Petition herein, in connection with Debtor's attempted purchase of the domain name "Coins.com" from STACK'S.

    2.    Prior to Debtor filing the Petition herein, I had conversations and communications with the California lawyer for Debtor, Michael Bowse, who sought to delay an installment payment due in connection with the purchase.

    3.    I am the attorney of record in the lawsuit referred to in Debtor's Motion, being <u>Stack's-Bowers Numismatics, LLC, a Delaware limited liability company doing business as Stack's Bowers Galleries vs. Adam Michael Perzow, also known as Adam Perzow, an individual, and DOES 1 through 10, Inclusive</u>, State of California, Los Angeles County Superior Court, West District, Case No. 19SMCV00875 ("California Action").

    4.    I submit this declaration in opposition to the Debtor's motion for an order finding STACK'S in contempt (ECF Docket No. 41) the ("Motion") and the Debtor's

1

supplemental memorandum in support of the Motion (ECF Docket No. 44) (the "Supplemental Memorandum").

5. The California Action has a single Defendant, Mr. Perzow. Debtor is not a Defendant and no recovery is sought against any person or property other than Mr. Perzow.

6. The California Action has a single Cause of Action, which is for fraud. There is no Cause of Action for breach of the Purchase and Sale Agreement ("PSA").

7. No effort was made to conceal the existence of the California Action from Debtor or its counsel.

8. For example, we attempted to serve Mr. Perzow at 2 Brookfield Lane, Scarsdale, New York 10583, listed as a mailing address on the Petition herein, and which your Declarant confirmed visually, through Google Maps – Street View, is a single family residence and not a commercial location. The service was unsuccessful as the occupants stated that Mr. Perzow neither resided there nor was the previous resident.

9. In addition, I attempted to determine whether Mr. Perzow's personal California counsel would accept service of the Summons and Complaint. I had dealt with Michael Bowse prior to the filing of the Petition, and Mr. Bowse remained involved seeking to engage in discussions by email after the filing of the Petition.

10. I placed a telephone call to Mr. Bowse's telephone number, (213) 344-4700, on June 21, 2019 at 11:33 a.m. and left a message for Mr. Bowse, advising him that your Declarant represented STACK'S. No return call was received. The purpose of the call was to request Mr. Bowse to accept service of the California Action on behalf of Mr. Perzow.

11. Having received no response from Mr. Bowse to my first call, on June 27, 2019 at 4:41 p.m., I placed another call to Mr. Bowse which again went to voicemail and I again left another message for Mr. Bowse to return the call. Mr. Bowse has failed to return that call.

12. In addition, I authorized Mr. Teitlebaum, STACK'S' bankruptcy counsel in the within matter, to make inquiry through Debtor's Bankruptcy counsel as to whether Mr. Perzow would accept service of the Summons and Complaint, which your Declarant believed would ultimately be passed on to Mr. Bowse. No response was received.

13. California has an apparently unique practice with respect to Doe defendants. Unlike Federal practice and practice in many jurisdictions, it is virtually universal to include Doe defendants in any California civil complaint. The underlying premise for the practice is that a claim against a defendant brought in as a Doe defendant relates back to the original filing of the complaint and therefore may avoid a statute of limitations bar. See, for example, California's pre-eminent legal practice treatise, Witkin on California Procedure noting authorities discussing "California's unique DOE defendant practice." 4 Witkin, California Procedure, 5th Ed., Pleading, Section 478.

14. Nevertheless, the use of a Doe defendant would not apply in any event in this case to the Debtor. Obviously, STACK'S was aware of the existence and identity of the Debtor. Plaintiff can only use a Doe defendant for a defendant whose identity or role in the relevant events was unknown to Plaintiff at the time of filing the Complaint. California Code of Civil Procedure Section 474 provides specifically:

> "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . , and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . ."

15. The long-standing practice of including Doe defendants is referred to in Dieckmann vs. Superior Court, 175 Cal.App.3rd 345, 354 (1985) ("In the over 100 years since

enactment of Section 474 pleading conventions, responding to its dictates, having evolved a <u>nearly uniform practice</u> of stating that 'Doe' defendants are fictitiously named" (Emphasis added.).)

16. Clearly, STACK'S could not have used the Doe defendant allegations to bring in Debtor. As stated in <u>Dieckmann vs. Superior Court,</u> <u>supra</u> at 355: "The determinative question as to the valid use of Section 474 should be whether the plaintiff's claimed ignorance [of the identity of the defendant] is real or feigned." Similarly, a Doe defendant may be used where a plaintiff is unaware of the facts or law giving rise to a claim against that person. See, for example, <u>Marasco vs. Wadsworth, 21 Cal.3rd 82 (1978).</u>

17. Since STACK'S was aware both of Debtor's identity and role in the underlying events, it could not, and did not, use Doe defendants as a means of bringing Debtor into the lawsuit. Your Declarant herein confirms that the use of Doe defendants in the California Action was purely in conformity with California practice as a matter of standard operating procedure.

18. In the California Action, STACK'S (i) has not named the Debtor as a defendant; (ii) did not intend to name the Debtor as a defendant; (iii) has not asserted any claims against the Debtor; (iv) did not intend to name the Debtor as a defendant; and (v) does not seek any recovery from any person or entity other than Mr. Perzow personally.

19. The Debtor's Motion contends that the California Action is without merit because the PSA contains a waiver of reliance or inducement claims. The PSA does contain an integration clause which includes such general language. However, under California law, which governs the interpretation and enforcement of the PSA by its terms, such contractual provisions, by statute and case law, do not preclude claims and evidence of fraud. For example, California Code of Civil Procedure Section 1856(g) provides as follows:

4

"This section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in Section 1860, or explain an extrinsic ambiguity or otherwise interpret the terms of the agreement, or to establish eligibility or fraud."[1]

20. In any event, the argument regarding the integration clause is a matter of potential defense, unrelated to the fact that the automatic stay is simply not applicable to the personal action against Mr. Perzow. In addition, claims that a corporate agent acted in bad faith or engaged in fraud bars the agent from enforcing indemnification rights. See Wilshire-Doheny Associates Ltd. vs. Shapiro (2000) 83 Cal.App. 4th 1380 holding that the policy considerations behind the statute authorizing corporate indemnification "are that persons who serve the corporation in good faith should, in the absence of certain conduct (fraud, breach of fiduciary duties, etc.) be free from liability for corporate acts . . . .".

21. Consequently, the integration clause of the contract is irrelevant to the issues raised in the California Action of fraud by Mr. Perzow.

22. In the Supplemental Memorandum the Debtor presents a series of false, misleading and unsupported allegations and baseless conclusions.

23. At page 6 of the Supplemental Memorandum the Debtor alleges that STACK'S violated the automatic stay on September 20 2019, by filing an application to extend its time to serve the summons and complaint. First, the Debtor is assuming the automatic stay actually applies to Mr. Perzow- -which it does not. In addition, STACK'S filed an application to extend the time to serve the summons and complaint to maintain the status quo, not to further

---

[1] Section 1860 as referred to in Section 1856 provides: "For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument, and of the parties to it, may also be shown, so that the Judge be placed in the position of those whose language he is to interpret."

prosecute the California Action. In light of the Motion raising the issue of whether the Stay applies to the California Action, on September 20, 2019 I filed an Ex Parte Application in the California Action to extend the statutory deadline for completing service on a defendant until after this Court rules on the issue of the applicability of the Stay to the California Action. Since California imposes a deadline on serving the complaint, the application requests the California Court to grant "an extension of time in which to serve Mr. Perzow until after the Bankruptcy Court has ruled on that contention [that the California Action is a violation of the Stay]." Thus, contrary to the contention of Debtor, the Ex Parte Application was in deference to the pending Motion. It is noteworthy that, according to Footnote 1 in the Supplemental Memorandum, Debtor chooses to provide only the Docket Sheet reflecting the Ex Parte Application rather than the Ex Parte Application itself so that Debtor could avoid disclosing the true nature of the application. A copy of the application is attached hereto as Exhibit A.

24. At page 4 of the Supplemental Memorandum the Debtor alleges:

"The California Action filed by Creditor specifically refers to the Debtor, Hampstead Global, as 'Defendant', and Mr. Perzow in an alter ego capacity of the Debtor . . . ."

25. This statement is false in one respect, and refers to an inadvertent typographical error in another respect. First, the statement made by Debtor that the Complaint "specifically refers to . . . Mr. Perzow in an alter ago capacity of the Debtor" is false. Contrary to this statement, there are no alter ego allegations in the Complaint whatsoever regarding Debtor or any other person or entity.

26. Second, at paragraph 5 of the Complaint , I inadvertently left the word "Defendant" before with Hampstead. This was a copy and paste error and of no legal effect

under California law since Hampstead is not named as a defendant in the caption, is not on the summons and no claims for relief are made against it.

27. At page 4 of the Supplemental Memorandum, the Debtor alleges t that Paragraph 13 of the Complaint seeks "contract claim damages." Paragraph 13 of the Complaint is a factual allegation which refers to the PSA which STACK'S was fraudulently induced to execute and the damages sustained as a result of the fraud. There is no breach of contract claim. The allegation is in support of the claim for fraud.

28. At page 8 of the Supplemental Memorandum the Debtor makes the unsupported legal conclusion, that the Domain Name is the property of the Bankruptcy Estate. STACK'S has asserted, based upon the specific language in the PSA and upon the decision in *In re Heath Global* cited in its objection to the Motion, that no ownership or registration rights passed to the Debtor due to the failure to pay the Purchase Price.

29. The Debtor repeatedly and falsely states that STACK'S "alleges that it incurred damages in excess of Ten Million Dollars $10,000,000.00 . . . ." The California Action seeks compensatory damages in the amount of $1,400,000.00, plus any consequential damages proven. The $10,000.000.00 amount is the claim for "punitive and exemplary damages," for Mr. Perzow's willful and intentional fraud. Such pleading is consistent with California's rule that punitive damages not exceed 9 times the compensatory damages. Punitive and exemplary damages are, by definition, not compensatory for actual damages.

30. Debtor erroneously contends that the fact that STACK'S chose not to attach the PSA to the California Complaint is an admission by STACK'S that the PSA is confidential. Such is not the case. It is certainly true, as the California Action alleges, that the PSA "contains a confidentiality clause." I chose not to attach the PSA because under California pleading rules, there is no requirement to do so and the California Action does not contain a breach of contract

cause of action. This is unlike a Bankruptcy Proof of Claim which is based on a writing; in such a case "a copy of the writing <u>shall</u> be filed with the Proof of Claim." Rule 3001(c)(1) (emphasis added). Again, unlike a California complaint, when there is a failure to attach required documentation to a Proof of Claim, the Court may preclude the Creditor "from presenting the omitted information, in any form . . . ." (Rule 3001(c)(2)(D)(i)).

31. In fact, at the time the California Action was filed, for the reasons set forth in STACK'S answer to the Adversary Complaint filed in this Case as Case No. 19-22721, I believed that there was no basis for the Debtor to assert that any of the terms of the PSA were confidential, if they ever were. As alleged in STACK'S answer:

- During the 341 Meeting of the Debtor on conducted on May 6, 2019 by the Office of the United States Trustee, Mr. Perzow testified under oath as a representative of the Debtor.

- During the course of the 341 Meeting, Mr. Perzow testified concerning, among other things, (i) his understanding of the terms of the PSA, (ii) his understanding as to the legal effect of the PSA; (iii) his understanding of the Debtor's rights and obligations under the PSA, (iv) alleged claims asserted or to be asserted by the Debtor against Stacks under the PSA, (v) the amount of the Purchase Price, and (vi) the basis for asserting an incorrect balance due to Stacks in the petition. The audio recording of this public meeting is referred to and incorporated herein by reference.

- During the course of the 341 Meeting, Mr. Perzow consented to the U.S. Trustee receiving a copy of the PSA and a copy of the PSA and Escrow Agreement was provided to the U.S. Trustee.

- At no time during the 341 Meeting did Mr. Perzow assert that any aspect of the PSA was confidential or request that the record of the proceedings be sealed or that the PSA be subject to a confidentiality order..

32. Further, the Debtor falsely characterized the balance due under the PSA as "unsecured loan repayments." (Schedule E/F, Item 3.16, p.4).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 26, 2019 in Los Angeles, California

_____
RICHARD C. SPENCER, ESQ.
LAW OFFICES OF RICHARD C. SPENCER, PC
624 South Grand Avenue
One Wilshire Building, Suite 2200
Los Angeles, California 90017
Telephone: (213) 629-7900
Fax: (213) 629-7990
Email: rspencer@rspencerlaw.com
State Bar No. 43720

Electronically FILED by Superior Court of California, County of Los Angeles on 09/20/2019 04:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariscal,Deputy Clerk

SBG-HGL/EXP EXTEND TIIME/092019

**LAW OFFICES OF**
**RICHARD C. SPENCER, PC**
624 South Grand Avenue
One Wilshire Building, Suite 2200
Los Angeles, California 90017
Telephone: (213) 629-7900
Fax: (213) 629-7990
Email: rspencer@rspencerlaw.com
State Bar No. 43720

Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STACK'S-BOWERS NUMISMATICS, LLC, a Delaware limited liability company doing business as Stack's Bowers Galleries, <br><br> Plaintiff, <br><br> vs. <br><br> ADAM MICHAEL PERZOW, also known as Adam Perzow, an individual, and DOES 1 through 10, Inclusive, <br><br> Defendants | CASE NO. 19SMCV00875 <br> Assigned to Hon. Elaine W. Mandel <br> Dept. P <br><br> EX PARTE APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND FILE PROOF OF SERVICE <br><br> DECLARATION RE NO NOTICE <br><br> MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Hearing Date: September 24, 2019 <br> Time: 8:30 a.m. <br> Dept.: P <br> [No Hearing Required] <br><br> Complaint filed: May 10, 2019 <br> CMC: 11-6-2019, 8:30 a.m., Dept. P |

I, the undersigned, declare as follows:

1. I am and have at all relevant times been the attorney of record herein for Plaintiff and am duly admitted to practice before all of the courts of the State of California. All of the facts set forth herein are within my personal knowledge and if called as a witness I could

**EXHIBIT "A"**

competently testify thereto:

2. Plaintiff STACK'S-BOWERS NUMISMATICS, LLC, a Delaware limited liability company doing business as Stack's Bowers Galleries respectfully requests that the Court grant an extension of time in which to serve Defendant ADAM MICHAEL PERZOW, also known as Adam Perzow, and file a Proof of Service.

3. Plaintiff has made a diligent effort to serve Mr. Perzow. Mr. Perzow uses multiple addresses, some in the New York City area and some in the Los Angeles area. Service attempts have as yet been unsuccessful including attempts at personal and substituted service.

4. In an indirectly related matter, further litigation is taking place between Plaintiff and a limited liability company controlled by Mr. Perzow, Hampstead Global, LLC ("Hampstead"). This litigation is taking place in the Bankruptcy Court of the Southern District of New York.

5. Both the bankruptcy proceeding and the instant case arise out of a purchase and sale transaction pursuant to which Hampstead attempted to purchase a domain name from Plaintiff and thereafter defaulted. Before Plaintiff could enforce the default, Hampstead filed the Bankruptcy Petition. In addition, Hampstead filed an adversary proceeding against Plaintiff in the bankruptcy proceeding.

6. While Plaintiff was in the midst of attempting to serve Mr. Perzow, on September 3, 2019 Hampstead filed a Motion in the Bankruptcy proceeding contending that this case constitutes a violation of the automatic stay in the bankruptcy, even though Hampstead, the Debtor, is not a defendant in this case, and this case does not allege a breach of contract claim but only fraud against Mr. Perzow in connection with inducing Plaintiff to enter into the purchase and sale agreement.

7. Plaintiff is opposing the Hampstead motion in the bankruptcy court alleging a violation of the stay, and that Motion is presently scheduled to be heard on October 7, 2019.

8. In light of the allegation that the within action is a violation of the automatic stay, Plaintiff requests an extension of time in which to serve Mr. Perzow until after the

Bankruptcy Court has ruled on that contention.

9. In light of the fact that Mr. Perzow is difficult to locate for service, Plaintiff requests a ninety (90) day period after the Court rules on the pending Motion in which to serve Mr. Perzow and file a Proof of Service, being January 7, 2020.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Los Angeles, California on September 19, 2019.

_____
RICHARD C. SPENCER

## DECLARATION RE NO NOTICE

I, the undersigned, declare as follows:

1. I am and have at all relevant times been the attorney of record herein for Plaintiff and am duly admitted to practice before all of the courts of the State of California. All of the facts set forth herein are within my personal knowledge and if called as a witness I could competently testify thereto.

2. No notice to Defendant was given as Defendant is not yet a party to the action, and there are no other parties other than Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Los Angeles, California on September 20, 2019.

_____
RICHARD C. SPENCER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE COURT HAS AUTHORITY TO EXTEND THE TIME TO SERVE AND FILE PROOF OF SERVICE

Rule 3.110 of the California Rules of Court provides that service must be made within sixty (60) days and a Proof of Service filed within thirty (30) days thereafter. However, Subdivision (e) provides that upon application of a party, the Court may extend such time periods.

Plaintiff therefore respectfully requests the Court to extend the time to serve and file proof of service to January 7, 2020.

### II. AN APPEARANCE ON THIS EX PARTE APPLICATION IS NOT REQUIRED

Rule 3.1207(2) provides that an ex parte applicant need not appear on applications for extensions of time to serve pleadings.

### III. CONCLUSION

Plaintiff respectfully requests the Court to grant additional time to serve the Summons and Complaint in light of the pending bankruptcy and issue of whether the within action constitutes a violation of the automatic stay even though Defendant in this action is not the bankruptcy debtor.

Dated: September 19, 2019

Respectfully submitted,
LAW OFFICES OF RICHARD C. SPENCER, P.C.

By: _____
RICHARD C. SPENCER
Attorneys for Plaintiff
STACK'S-BOWERS NUMISMATICS, LLC,
a Delaware limited liability company
doing business as Stack's Bowers Galleries