| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>_____X | Hearing Date: 12/16/19<br>Hearing Time: 10:00am |
| IN RE:<br>HAMPSTEAD GLOBAL, LLC,<br>        Debtor.<br>_____X | Case No. 19-22721-RDD |

**REPLY IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER
HOLDING STACK'S BOWERS NUMISMATICS, LLC IN CONTEMPT FOR
VIOLATION OF THE AUTOMATIC STAY**

HAMPSTEAD GLOBAL, LLC ("Debtor"), by and through its retained Litigation Counsel, Charles A. Higgs, Esq., hereby submits this reply to the opposition filed by Stacks Bowers Numismatics, LLC to Debtor's Motion for an order holding Stacks Bowers Numismatics, LLC ("Creditor") in Contempt pursuant to Federal Rule of Bankruptcy Procedure 9020 and Sections 105(a) and 362(a) of the Bankruptcy Code for violation of the automatic stay, declaring actions taken in violation of the stay void and imposing sanctions against Creditor in the form of punitive damages, actual damages, attorney's fees and costs, and designating Creditor's vote on Debtor's pending proposed plan.

1. Debtor commenced this Chapter 11 bankruptcy case on March 30, 2019 (the "Petition Date"), resulting in the Debtor immediately receiving the protections of the automatic stay set forth in Section 362(a) of the Bankruptcy Code.

2. On April 30, 2019 Creditor filed a notice of appearance in Debtor's bankruptcy case. ***See Docket #13***

3. On May 10, 2019, despite being fully aware of the Debtor's bankruptcy, Creditor commenced an action in California, *Stack's-Bowers Numismatics, LLC v. Adam Michael Perzow and Does 1 through 10*, 19-SMCV-00875 (the "California Action").

1

4. The entire basis of the California Action is the PSA entered into by the Debtor and Creditor for the purchase of the coins.com domain. ***See Paragraphs 5,6,7,9,12, 13, 14, and 15 of the Complaint in the California Action.***

5. Attached as **Ex. A** to this Reply is the Declaration of Michael Bowse, Esq. (the "Bowse Declaration"), an attorney admitted to practice law in the State of California, which refutes the positions taken by Creditor in its Opposition, and further demonstrates that the California Action seeks relief against both Mr. Perzow and the Debtor (and the property of the Bankruptcy Estate)[1]. Additionally, the Bowse Affidavit demonstrates that the Debtor is: a) an indispensable party to the California Action because the PSA was made solely with Debtor (with no intent for a third party beneficiary under the PSA), b) the Agency Immunity Rule in California, and c) because an alter ego theory must be pled in order to establish the claims Stacks seeks in the California Action.

6. Even if the questionable arguments and allegations set forth in Creditor's Opposition to Debtor's Contempt motion were to be believed, nothing in Creditor's Opposition changes that fact that (A) Creditor was aware of Debtor's Bankruptcy Filing prior to commencement of the California Action; (B) Despite being aware of Debtor's bankruptcy filing, Creditor filed the California Action in violation of the automatic stay; (C) by filing a proof of claim with the bankruptcy court asserting a claim based on the PSA, the Creditor submitted to the jurisdiction of the Bankruptcy Court, including the bankruptcy claims adjudication process, and (D) Creditor intentionally concealed the existence of the California Action from

---

[1] In taking the position that the California Action doesn't constitute a violation of the automatic stay, Creditor seems content to ignore this Court's decision *In re Congregation Birchos Yosef*, 535 B.R. 629 (Bankr. S.D.N.Y. 2015). Attached as **Ex. B**.

the Bankruptcy Court, the Debtor, and the Debtor's bankruptcy counsel until more than three (3) months into the bankruptcy case.

7. The California Action contains admissions by the Creditor that directly contradict the positions and representations made by Creditor throughout this bankruptcy case.

8. The admissions made by Creditor in the California Action support the Debtor's fundamental position that the coins.com sale was indeed an outright sale of the coins.com domain (and associated rights) to the Debtor on Credit from Creditor, being held in a trust/escrow for the benefit of Debtor's (and not for Creditors benefit) until fully paid off, and directly contradicts the positions taken, and representations made by, Creditor throughout this bankruptcy case.

9. Several examples of the admissions and contradictory positions taken by the Creditor include:

| Admissions by Stacks in the California Action | Positions taken by Stacks in this Bankruptcy Case |
|---|---|
| Creditor admits that it sold the coins.com domain to the Debtor on Credit (with a down-payment).<br><br>¶7(d.), ¶12 of the Complaint in the California Action | Creditor argues the PSA of coins.com was an option agreement or executory contract.<br><br>¶47, 57 Creditor's Motion to Dismiss |
| Creditor acknowledges that the Purchase and Sale Agreement is confidential.<br><br><br><br><br><br><br>¶9 of the Complaint in the California Action | Creditor filed the PSA on the docket as an attachment to its Motion to Dismiss and as an attachment to its proof of claim on the claims register. When Debtor raised the breach of confidentiality issue with the Bankruptcy Court, Creditor adamantly denied to the Court that the PSA was confidential.<br><br>See ¶10 of the Creditor's Sealing Motion |
| The purchase of the coins.com domain was for an initial down payment with the rest on credit. | Claims that nothing in the PSA provides for an extension of credit or loan of any money to the Debtor or for the repayment of any funds or credit advanced to the Debtor. |

3

| ¶12 of the Complaint in the California Action | ¶48 of the Motion to Dismiss in Bankruptcy |
|---|---|
| Creditor states that the PSA was based on fraud by the Debtor's principal. | Creditor's papers in the bankruptcy make no mention of a fraud claim or reliance claim of any kind regarding or relating to sale in their proof of claim nor in their motion to dismiss papers. The Kendrella declaration in Support of Creditor's Motion to Dismiss also states that there are no other agreements regarding the sale of the domain other than the sale agreement and escrow agreement.* |

*Considering Creditor had a $10,000,000 fraud lawsuit on file when it submitted its papers to the bankruptcy court, it is suspect that Creditor made no mention of inducement or reliance regarding the PSA agreement was mentioned in their pursuit of their claim.

10. Creditor does not dispute that it was aware of Debtor's bankruptcy filing at the time it filed the California Action and even after Debtor brought this contempt motion, Creditor has failed to withdraw the California Action. The filing of the California Action after the Debtor's bankruptcy filing and Creditor's refusal to withdraw the California Action constitutes an on-going violation of the bankruptcy stay.

11. As set forth above Creditor's conduct is egregious. Creditor failed to disclose the existence of the California Action until more than three (3) months into the bankruptcy and Creditor's conduct has substantially impaired Debtor's bankruptcy reorganization efforts. As such, the Court should hold Creditor in Contempt and award Debtor actual and punitive damages along with other relief as the Court deems just and proper.

/S/ Charles A. Higgs
Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
Special Litigation Counsel for the Debtor
450 Lexington Ave, FL 4
New York, NY 10017
(917) 673-3768
Charles@FreshStartEsq.com

4