| | |
|---|---|
| KIRBY AISNER & CURLEY LLP<br>*Attorneys for the Debtor*<br>700 Post Road, Suite 237<br>Scarsdale, New York 10583<br>(914) 401-9500<br>Dawn Kirby, Esq.<br>Erica R. Aisner, Esq. | *Presentment Date: April 27, 2020*<br>*Presentment Time: 12:00 p.m.* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

HAMPSTEAD GLOBAL, LLC,	Chapter 11

                        Debtor.	Case No. 19-22721 (RDD)
---------------------------------------------------------------X

## DEBTOR'S APPLICATION SEEKING AN ORDER EXTENDING THE DEBTOR'S EXCLUSIVE TIME TO FILE ITS SMALL BUSINESS PLAN OF REORGANIZATION THROUGH AUGUST 31, 2020 PURSUANT TO 11 U.S.C. §§ 1121(e) and 1129(e)

**TO:   HONORABLE ROBERT D. DRAIN**
       **UNITED STATES BANKRUPTCY JUDGE**

      Hampstead Global, LLC (the "Debtor"), the debtor and debtor-in-possession in the above-captioned proceeding, by its counsel, Kirby Aisner & Curley LLP, submits this application (the "Application") pursuant to §§ 105(a), 1121(e) and 1129(e) of title 11, United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") for the entry of a proposed Order (the "Proposed Order") annexed hereto as **Exhibit "A"** extending the Debtor's exclusive time to file its small business plan of reorganization from April 30, 2020 through August 31, 2020

### Jurisdiction and Venue

      1.    The Court has jurisdiction over this proceeding to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

2. This proceeding has been initiated pursuant to Bankruptcy Code §§ 105(a), 1121(e) and 1129(e).

### Background

4. On March 30, 2019, (the "Petition Date"), the Debtor filed a voluntary petition for reorganization. The Debtor has continued in possession of its property and the management of its business affairs as a Debtor-in-Possession pursuant to § 1107 and 1108 of the Bankruptcy Code. No Official Committee of Unsecured Creditors, trustee, or examiner has been appointed.

5. On August 8, 2019, the Debtor filed a Small Business Chapter 11 Plan of Reorganization.

6. On January 24, 2020, the Debtor filed a First Amended Small Business Plan or Reorganization and a Disclosure Statement. At the time the Debtor and its most substantial creditor, Stacks Bowers, were engaged in settlement discussions.

7. In light of settlement discussions, by order dated March 6, 2020, this Court extended the Debtor's time to confirm its small business plan from March 6, 2020 through April 30, 2020.

8. Due to the unexpected consequences of COVID-19, both the short-term freeze on business operations as people are required to stay at home and the long-term distress being wrought on the economy, the Debtor can no longer agree to the settlement terms previously discussed with Stacks Bowers and the Debtor cannot proceed on the timeline set forth in its First Amended Small Business Plan

9. The Debtor is drafting a Second Amended Small Business Plan which takes into account the changes to the financial markets caused by COVID-19. The Debtor intends to file its

Second Amended Small Business Plan before April 27, 2020, the presentment date of this Application.

10. The Debtor also recently filed a motion to retain Duane Morris as special litigation counsel with respect to its claims against Stacks Bowers under California law, which the Debtor believes is an integral step in its restructuring efforts. A hearing on the motion is scheduled on May 15, 2020.

11. Accordingly, the Debtor is requesting an extension of time to confirm its small business plan from April 30, 2020 through August 31, 2020.

## Relief Requested and Basis Therefore

12. Bankruptcy Code Section 1129(e) provides in part:

In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation Is extended in accordance with section 1121(e)(3).

13. Bankruptcy Code Section 1121(e) provides in part:

(3) the time periods specified in paragraphs (1) and (2) above … may be extended only if

(A) the debtor, after providing notice to parties in interest (including the United States Trustee) demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;

(B) a new deadline is imposed at the time the extension is granted; and

(C) the order extending time is signed before the existing deadline has expired.

14. Here, the Debtor has demonstrated that it is more likely than not it will confirm a plan within a reasonable period of time because it has remained current in its post-petition

obligations and has timely filed a small business plan of reorganization. The Debtor has also remained current in filing its monthly operating reports. The unexpected consequences to the economy caused by COVID-19 requires the Debtor to amend its Plan, which it will undertake to file prior to April 27, 2020, the presentment date of this Application.

15. The Application is being served upon (i) the Office of the United States Trustee, (ii) all secured creditors; (iii) 10 largest unsecured creditors; and (iv) all parties filing Notices of Appearance. The Debtor submits that such service is good and sufficient notice, as required by the Bankruptcy Rules.

16. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that the Court enter the Proposed Order and grant such other relief as the Court deems just.

Dated: Scarsdale, New York
April 8, 2020

KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500

By: __/s/ Dawn Kirby_____
Dawn Kirby