# TEITELBAUM LAW GROUP, LLC
*Attorneys at Law*

June 3, 2020

VIA Electronic Mail
Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re:     In re Hampstead Global, CH 11 Case No. 19-22721**

Dear Judge Drain:

      This letter is submitted on behalf of Stack's Bowers to request a case conference with the Court. Following the May 20 status conference with the Court, the parties and their counsel engaged in further settlement discussions. There were two calls among the business people and counsel on May 27 and 29 and follow up email proposals were exchanged May 29 through June 3. Unfortunately, the Debtor has provided no financial information to support a settlement, has abandoned fundamental deal points previously agreed upon and has taken the approach of threatening escalated litigation unless Stacks capitulates to its demands. Accordingly, there is no settlement.

      We have been advised that the Debtor intends to (i) seek Sub-Chapter V treatment for the case, (ii) commence litigation against Stacks in California with Duane Morris as counsel as early as this week, and (iii) file what we believe will be a patently unconfirmable plan.

      We are seeking a case conference for the following reasons.

      First, if the Debtor truly intends to make a Sub-Chapter V election, the appointed Trustee should be given an opportunity to review the case and make a determination as to whether a consensual plan can be achieved or whether litigation is appropriate. Such a review appears to be one of the primary roles of such a Trustee.[1]

---

[1] From the U.S. Trustee website. There are two types of chapter 11 trustees—"subchapter V trustees" appointed under the Small Business Reorganization Act of 2019 (SBRA) and non-SBRA trustees (referred to simply as "chapter 11 trustees").  SBRA was amended by the CARES Act of 2020 to

1 Barker Avenue              E-Mail: jteitelbaum@tblawllp.com       9 East 40th Street
Third Floor                      Website: www.tblawllp.com                 Fourth Floor
White Plains, New York 10601                                                         New York, New York 10016
Telephone: 914-437-7670                                                                Telephone: 646-233-3013
Fax: 914-437-7672
All service of papers to White
Plains.  Fax and E-Mail Service
Accepted

Second, it is our understanding that the litigation the Debtor is intending to commence in California State Court is based upon the post-petition commencement of the fraud action against Mr. Perzow. The Debtor is claiming to be damaged by Stack's commencement of the action, which the Debtor also claims violates the automatic stay. There is a sanctions motion currently before the Court on this issue. (ECF Docket Nos. 41, 44, 46 and 49). If there is to be litigation over alleged damages for post petition conduct, issue has already been joined in this Court and this Court has jurisdiction, if not exclusive jurisdiction, to address the matter. We can only speculate why the Debtor is forum shopping in California. Stacks is requesting that the Debtor be ordered to take no action in furtherance of its intended litigation pending the conference and a determination by this Court and/or the Sub-Chapter V trustee as to whether such litigation is appropriate and, if so, the proper court to adjudicate the matter.

Third, if indeed the Debtor is permitted to proceed with the action in California, Stacks will seek relief from the stay, to the extent it is applicable, to assert the facts in its action against Mr. Perzow by way of defense and counter-claim. Such facts are integral to the defense of Debtor's claims.

Fourth, on June 17, 2019, Stacks filed its motion to dismiss this case as ECF Docket No. 15. This motion has been adjourned on consent in the hope that there will be a resolution. Insofar as the Debtor insists on pursuing litigation and an unconfirmable plan, Stacks will request that its motion be heard as a threshold dispositive motion in the case.

Respectfully,

/s/ Jay Teitelbaum

cc.:
Via Electronic Mail
Dawn Kirby, Esq.

---

increase the debt limit for SBRA debtors from $2.72 million to $7.5 million for cases filed on or after March 27, 2020. In SBRA cases, subchapter V trustees are appointed on a case-by-case basis from pools created across the country when a debtor elects to proceed under subchapter V of chapter 11 of the Bankruptcy Code. These trustees are not appointed to operate the debtor's businesses unless so ordered by the court, but instead, their primary goal is to facilitate the confirmation of a consensual plan of reorganization. In non-SBRA cases, chapter 11 trustees are appointed on a case-by-case basis upon motion of a party in interest or the United States Trustee and with approval of the court either for cause or in the best interest of creditors, equity security holders, or other interests of the estate. The chapter 11 trustee operates the debtor's business, if necessary or appropriate, and carries out other trustee duties