Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
*Proposed Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HAMPSTEAD GLOBAL, LLC, | Case No. 19-22721-rdd |
| Debtor. | |

**APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY
AMINI LLC AS COUNSEL NUNC PRO TUNC TO JUNE 5, 2020**

The Debtor moves for an order, substantially in the form annexed hereto, authorizing it to employ Amini LLC nunc pro tunc to June 5, 2020, and in substitution of Kirby Aisner & Curley LLP, pursuant to Bankruptcy Code section 327(a). In accordance with Rule 2014(a) and Local Bankruptcy Rule 2014-1, the Debtor states:

**FACTS SHOWING NECESSITY FOR THE EMPLOYMENT**

1.  This chapter 11 case was commenced on March 30, 2019. Kirby Aisner & Curley firm has been in this case since June 21, 2019 [Dkt. No. 38].

2.  Since that time, it has filed one small business chapter 11 plan on the last day of the 180-day period under Bankruptcy Code section 1121(e)(1), and a first amended plan and disclosure statement on the last day of the 300-day period under section 1121(e)(2) which were placeholders and/or did not conform to client direction.[1]

---

[1] The first amended plan provided for an "Outside Payment Date" of one year following the Effective Date; the Debtor wanted more time, in light of among other things Stack's Bowers' refusal to voluntarily dismiss its fraud action against Adam Perzow and the onset of the Covid-19 pandemic. The Debtor also wanted to elect treatment under Subchapter V, to inter alia reduce interest payment obligations under a plan relative to those otherwise required under Bankruptcy Code section 1129(b)(2)(B)(i) and pay allowed administrative expenses over time under a plan,

3.     On April 8, 2020, Kirby Aisner & Curley moved to extend the time to confirm a plan to August 31, 2020 [Dkt. No. 76]. The motion stated the Debtor intends to file a second amended plan (extending the repayment timetable under the first amended plan) by April 27, 2020, the presentment date of the motion. Not only has that not happened, to date the Debtor was not even provided a draft.

4.     The Debtor is also very disappointed not to have concluded this case prior to the onset of the Covid-19 pandemic.

5.     The Debtor desires to employ substitute counsel, in order to elect treatment under Subchapter V and confirm a plan acceptable to it within the time permitted by the Court and hopefully without further extensions.

### REASONS FOR THE SELECTION

6.     The reason for Amini LLC's selection is because its attorneys have significant chapter 11 experience, and it has among other things prepared a chapter 11 plan that conforms to the Debtor's direction, and motion to schedule a confirmation and fix related deadlines, pursuant to Interim Rule 3017.2. The Debtor also selected Amini LLC because it has proficiency with matters pertaining to domain names, having represented the Receiver of Fund.com Inc., and so the Debtor expects the firm will be in a position to assist with a capital raise contemplated by the plan post-confirmation.

### PROFESSIONAL SERVICES TO BE RENDERED

7.     The Debtor seeks authority to employ Amini LLC as its substitute attorneys to inter alia:

---

pursuant to Bankruptcy Code section 1191, as opposed to in full on the effective date of a plan, pursuant to section 1129(a)(9)(A); however, to date Kirby Aisner & Curley has refused to elect treatment under Subchapter V, and further, the firm is hopelessly conflicted as to this issue for obvious reasons.

    (a) File an amended voluntary petition for relief electing treatment under Subchapter V;

    (b) Solicit votes on, confirm and consummate a chapter 11 plan, and obtain approval of a disclosure statement to accompany the plan if directed by the Court or if treatment under Subchapter V is denied;

    (c) Prepare and consult on briefs and affidavits in support of confirmation;

    (d) Negotiate with Stack's Bowers Numismatics, LLC and other creditors;

    (e) Prepare motions, applications, opposition papers, discovery requests, notices, letters and other legal papers as appropriate;

    (f) Appear in Court on behalf of the Debtor; and

    (g) Perform such other legal services as may be appropriate to preserve and maximize the value of the Debtor's estate.

## PROPOSED EMPLOYMENT TERMS

8. Subject to Court approval, the Debtor has agreed to employ Amini LLC on an hourly basis and reimburse it for actual, necessary expenses incurred in connection with this chapter 11 case, including in any associated adversary proceeding or appeal. Avery Samet's time is billed at $550/hour; Jeffrey Chubak's time is billed at $500/hour; and paralegal time is billed at $130-$150/hour.

9. Adam Perzow (acting in his individual capacity) paid a $10,000 retainer for services to be rendered by Amini LLC on June 5, 2020. A *Lar Dan* declaration is annexed hereto. The statement of compensation required by Bankruptcy Code section 329(a) and Rule 2016(b) are included in Mr. Chubak's annexed declaration.

## ABSENCE OF CONNECTIONS; DISINTERESTEDNESS

10. Amini LLC has no "connections" to the Debtor; and to the best of the Debtor's knowledge, based on Mr. Chubak's declaration, the firm has no "connections" with any of its creditors or the United States Trustee.

3

11.   Based on the foregoing, the Debtor believes Amini LLC does not hold or represent an interest adverse to the Debtor or its estate and is disinterested.

## **NO PRIOR REQUEST**

12.   No prior application has been made for the relief requested herein to this Court or to any other court.

WHEREFORE, the Debtor requests that the Court authorize it to employ Amini LLC as substitute attorneys pursuant to section 327(a) and grant such other and further relief as this Court deems just and proper.

Dated: June 5, 2020                                          HAMPSTEAD GLOBAL, LLC

                                                                              /s/ Alan Ke
                                                                              Sole Member and Manager