KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtor*
700 Post Road, Ste. 237
Scarsdale, New York 10583
(914) 401-9500
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                    Chapter 11
                                          Case No. 19-22721 (rdd)
HAMPSTEAD GLOBAL, LLC,

                Debtor
----------------------------------------------------------x

## RESPONSE OF KIRBY AISNER & CURLEY LLP TO DEBTOR'S APPLICATION TO EMPLOY AMINI LLC AS COUNSEL NUNC PRO TUNC TO JUNE 5, 2020

Kirby Aisner & Curley LLP ("KAC") as its response (the "Response") to the motion (the "Motion") of the Debtor to retain Amini LLC as counsel, respectfully sets forth as follows:

### The Substitution

1. KAC was surprised by the substitution because leading up thereto, numerous phone conferences and strategy sessions were held directly with the Debtor's principal who gave no indication of dissatisfaction. Rather, he was complimentary and expressed thanks.

2. Regardless, of course every client has the right to choose its own counsel. Accordingly, KAC has no objection to the substitution of counsel.

3. The status of substitution is as follows:

   a. The Debtor's principal has never expressed to KAC his wishes to substitute new counsel. None of the Debtor's team of lawyers contacted KAC to alert of the substitution, nor did anyone forwarded the Motion to KAC.

   b. KAC first received notice of the Debtor's wishes when KAC saw the ECF filings.

1

c. Upon seeing the ECF filings, KAC wrote to new counsel requesting a Substitution of Counsel form. Two days later, on June 7, 2020, a form was received, marked up, and sent back signed with authorization to conform KAC's signature. To date, the Substitution has not been filed.

d. New counsel separately offered to change the form of Substitution to one acceptable to KAC. On June 8, 2020 at 8:00 a.m., KAC sent a form from several other cases pending before this Court. No response has been received.

4. The foregoing leaves KAC in the unwanted position of technically remaining counsel to a client who has never communicated its wishes to change counsel. Had the client or its new counsel contacted KAC, KAC would have happily obliged and assisted in the transfer of the matter. KAC remains hopeful new counsel will file the signed Substitution, as authorized.

**Misstatements in the Motion**

5. A client has every right to change counsel with no reason required. Here, the Motion unnecessarily and falsely disparages KAC, which necessitated this response.

6. First, the Motion states the Debtor wanted to elect Subchapter V, "*however [KAC] has refused to elect treatment under Subchapter V*". (Motion, ¶2, fn. 1).

7. There is no truth to this statement. The potential of Subchapter V was discussed, even prior to the statute's effective date. However, in March, April and May 2020, the Debtor and Stacks were involved in settlement discussions with such alterations to the case on "hold".

8. On June 4, 2020 at 8:23 pm, Debtor's counsel in California sent a lengthy email to Stacks related to settlement. The email asserts a potential intention to file a an amended petition electing Subchapter V. At 9:14 am the next morning KAC reviewed the email and directed a paralegal to draft of a Subchapter V amended petition, copying the entire Debtor's "team". By 9:38 am the amended petition was drafted and awaiting further instruction from the Debtor.

9. Rather than further instructions, the Debtor's principal emailed at 9:51 am stating he was traveling and "out of pocket till 4-ish. Will be [sic] in touch later." Additional email correspondences discussed potential benefits of Subchapter V.

10. Seven (7) hours later, at 4:56 pm, the Debtor filed the Motion accusing KAC of refusing to follow the Debtor's wish to elect treatment under Subchapter V.

11. The Debtor's accusation that it directed KAC to file an amended petition electing Subchapter V, but KAC refused, is a complete fabrication and patently false.

12. The second issue KAC feels compelled to address is the implication that the Debtor directed KAC to draft and forward an Amended Plan by April 27, 2020. The Debtor states "*Not only has that not happened, to date the Debtor was not even provided a draft*". [Motion ¶3]

13. This is another patently false statement. To the contrary, the principal of the Debtor advised KAC to "hold off" on drafting an Amended Plan because the principal himself and one other non-lawyer were drafting it. While that may sound outlandish, the principal of the Debtor drafted and/or personally revised almost every document filed in this case, so KAC did not question him. KAC followed direction and awaited a draft from which it would start its own revisions. Emails from Debtor's principal to KAC throughout the month of April 2020 memorialize the Debtor's wishes for KAC to do nothing because the Debtor's principal himself was drafting the document.

14. Accordingly, the insinuation that KAC did not timely provide a draft Amended Plan to the Debtor is utterly false.

15. Having corrected the record, KAC reiterates it has no objection to the substitution. In the event the Debtor disputes any of the foregoing, KAC is happy to share the written correspondence referenced herein with the Court in its defense.

Dated: Scarsdale, New York
      June 9, 2020

Respectfully submitted,

KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtor*

By:   /s/ Dawn Kirby
      Dawn Kirby, Esq.
      700 Post Road, Suite 237
      Scarsdale, New York 10583
      (914) 401-9500
      eaisner@kacllp.com