Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
*Proposed Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| HAMPSTEAD GLOBAL, LLC, | Case No. 19-22721-rdd |
| Debtor. | |

**NOTICE OF MOTION OF DEBTOR TO APPROVE SETTLEMENT**
**AGREEMENT AND DISMISS CHAPTER 11 CASE**

To: All Creditors; the United States Trustee; the Subchapter V Trustee

PLEASE TAKE NOTICE, that a hearing on the annexed **Motion of Debtor to Approve Settlement Agreement and Dismiss Chapter 11 Case**, filed June 11, 2020, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, Courtroom 118, on July 7, 2020, at 10:00 a.m.

PLEASE TAKE FURTHER NOTICE, that pursuant to Local Bankruptcy Rule 9006-1, answering papers must be served at least seven days before the above return date.

Dated: June 11, 2020

AMINI LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
*Proposed Attorneys for the Debtor*

Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
*Proposed Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HAMPSTEAD GLOBAL, LLC, | Case No. 19-22721-rdd |
| Debtor. | |

**MOTION OF THE DEBTOR TO APPROVE**
**SETTLEMENT AGREEMENT AND DISMISS CHAPTER 11 CASE**

The Debtor hereby moves for an order, in the form annexed hereto, approving the Settlement Agreement, dated as of June 10, 2020, between the Debtor and its largest creditor, Stack's Bowers Numismatics, LLC dba Stack's Bowers Galleries ("Stack's Bowers"), a copy of which is annexed hereto as Exhibit 1, pursuant to Rule 9019, and dismissing this chapter 11 case, pursuant to Bankruptcy Code section 1112 and in accordance with the Settlement Agreement. In support of this motion the Debtor states:

**JURISDICTION**

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

2. This case was commenced as a small business case on March 30, 2019.

3. It arises from the Debtor's agreement to purchase the http://www.coins.com domain name ("Coins.com URL") from Stack's Bowers pursuant to a Purchase and Sale Agreement, dated as of April 30, 2018 ("PSA").

4. As of the date hereof, there remain no fewer than <u>four</u> pending litigations between the Debtor or its principal and Stack's Bowers: (1) a fraudulent inducement action, asserting contract damages, commenced by Stack's Bowers against the Debtor's sole member and manager in Los Angeles Superior Court and assigned Case No. 19SMCV00875; (2) a motion for contempt sanctions, for violating the automatic stay, on account of the commencement of the California action [Dkt. No. 41]; (3) a motion to dismiss this chapter 11 case, filed by Stack's Bowers [Dkt. No. 15]; and (4) an adversary proceeding brought by the Debtor against Stack's Bowers for inter alia breach of the PSA and unauthorized use of the Coins.com URL, assigned No. 19-ap-8282-rdd.

5. In addition, the Debtor employed Duane Morris LLP to bring additional litigation against Stack's Bowers and its affiliates on account of inter alia its postpetition commencement of the California action.

6. By letter, filed June 3, 2020 [Dkt. No. 79], Stack's Bowers advised the Court that settlement discussions then underway had ended, and requested that the pending motion to dismiss be noticed for hearing.[1]

7. On June 5, 2020, the Debtor, through the undersigned, filed an amended voluntary petition electing treatment under subchapter v [Dkt. No. 80] and filed a second amended chapter 11 plan that proposed paying Stack's Bowers in full with cramdown interest of .5% ($7,000) per year over a five-year period following its effective date [Dkt. No. 81], as well as a motion to schedule a confirmation hearing and fix related deadlines pursuant to Interim Rule 3017.2 [Dkt. No. 82].

---

[1] The undersigned had not participated, directly or indirectly, in those discussions.

8. Since June 5, 2020, the Debtor, this time through the undersigned, and consistent with the goals of subchapter v, re-engaged Stack's Bowers in settlement discussions.

9. The annexed Settlement Agreement (terms of which are summarized below) is the product of those discussions.

## SETTLEMENT AGREEMENT[2]

10. In practical terms the Settlement Agreement provides for Stack's Bowers to receive interest of 4% ($56,000) per year over a four-year period, but permits interest to be capitalized and added to principal rather than paid in cash without triggering a default. (§ 2.)

11. Notwithstanding the foregoing, the Settlement Agreement requires the Debtor to pay Stack's Bowers $300,000 over a three-year period following the "Effective Date," defined as the date an Order is entered granting the relief sought herein, with $50,000 due within three business days of such date; $50,000 due on the one-year anniversary of the Effective Date; $100,000 due on the two-year anniversary; and another $100,000 due on the three-year anniversary. (§3.)

12. Pursuant to the Settlement Agreement, prior to the completion of payments the Coins.com URL will remain in escrow, on substantially the same terms as are set forth in the parties' prepetition agreements, with the limitations on use of the Coins.com URL set forth therein continuing to apply. (§§ 5-6.)

13. In the event of a payment default as to any portion of the $300,000 referenced above, the Settlement Agreement calls for the Coins.com URL to be sold through a broker following a marketing process. (§ 8.a.)

---

[2] The summary of the Settlement Agreement's terms herein is qualified in its entirety by reference to the Settlement Agreement itself.

14. And in the event of a payment default as to payments due at the conclusion of the four-year period (maturity), the Settlement Agreement calls for the escrow agent to transfer registration of the Coins.com URL to Stack's Bowers. (§ 8.b.)

15. The Settlement Agreement also provides for the exchange of mutual releases effective upon the Effective Date. (§ 9.)

16. It further requires dismissal or withdrawal of all pending litigations, and significantly, dismissal of this chapter 11 case with a bar to re-filing pending completion of payments under the Settlement Agreement. (§§ 10-11.a.)

## BASIS FOR RELIEF REQUESTED

17. Rule 9019(a) provides "[o]n a motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

18. The decision to approve a particular compromise lies within the discretion of the Court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).

19. Discretion is exercised "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

20. In determining whether to approve a settlement courts consider whether it is "fair and equitable … and in the best interest of the estate." *In re Best Products Co.*, 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994).

21. Factors considered by courts include: probability of success in litigation, with due consideration for the uncertainty in fact and law; the complexity and likely duration of litigation and any attendant expense, inconvenience and delay; the proportion of creditors who do not object to, or who affirmatively support, the proposed settlement; the competence and experience of counsel who support the settlement; the relative benefit conferred by members of any affected class; the extent to which the settlement is the product of arm's length bargaining; and the debtor's

informed judgment that the settlement is fair and reasonable. *Id.* at 50; *In re Ashford Hotels, Limited.*, 226 B.R. 797, 804 (Bankr. S.D.N.Y. 1998).

22. "In undertaking an examination of the settlement … th[e] responsibility of the bankruptcy judge … is not to decide the numerous questions of law and fact [presented] but rather to … see whether the settlement 'fall[s] below the lowest point in the range of reasonableness." *IN re W.T. Grant Co.*, 699 F.2d 599 (2d Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

23. The above factors weigh in favor of approval of the Settlement Agreement. As to the above factors, the settlement will resolve all litigations pending between the parties and dispose of this chapter 11 case, all of which would otherwise command significant time and resources from the estate. In addition, the settlement will afford the Debtor enough time to monetize the Coins.com URL, free of "hair" resulting from the pendency of the California action, so as to generate proceeds sufficient to pay holders of allowed claims, including counsel employed herein. The settlement was negotiated at arm's length through proposed counsel; and, most significantly, it is supported virtually all general unsecured creditors.[3]

24. Absent the settlement, the Debtor would need to pursue a contested confirmation presenting factual and legal questions, including the value of the Coins.com URL and interpretation/application of the fair and equitable requirement in Bankruptcy Code section 1129(b) under Subchapter V, a novel issue.

---

[3] Putting aside Stack's Bowers, this settlement is supported by Greenberg & Lieberman, LLC, Latin Lending Group, Ari Gati, Barbara Etinson, Bowse Law Group, P.C., Josh Perzow and Julie Aaron, who collectively hold scheduled claims totaling $467,325 (25% of the claims pool, excluding administrative expenses; the remaining 75% is Stack's Bowers' claim) [Dkt. No. 71, pp.2-3 (summarizing claims pool)]. The Debtor intends to submit statements in support from them in advance of the hearing on this motion.

5

25. Section 1112(b) permits dismissal of chapter 11 cases for cause.

26. The Debtor submits cause exists to dismiss this case as called for under the Settlement Agreement, for the same reasons that approval of this settlement is warranted, as described above.[4]

**NO PRIOR REQUEST**

27. No prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, the Debtor requests that the Court enter the annexed proposed order and grant such other and further relief as the Court deems just and proper.

Dated: June 11, 2020

Respectfully submitted,

/s/ Jeffrey Chubak
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
*Proposed Attorneys for the Debtor*

---

[4] Section 1112(b) also permits the Court to convert this case to one under chapter 7 or appoint a chapter 11 trustee if it determines said relief is in the best interests of creditors and the estate. Conversion or the appointment of a chapter 11 trustee is not in the best interests of creditors or the estate. As set forth above, creditors prefer the Settlement Agreement which calls for dismissal as requested herein. (Footnote 3, *supra*.)