# **EXHIBIT 1**

**Settlement Agreement**

Execution Version

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between Hampstead Global, LLC ("Hampstead Global") and Stack's Bowers Numismatics, LLC dba Stack's Bowers Galleries ("Stack's Bowers," and together with Hampstead Global, the "Parties"), as of June 10, 2020.

WHEREAS, pursuant to that certain Purchase and Sale Agreement, dated as of April 30, 2018 ("PSA"), Hampstead Global agreed to purchase, and Stack's Bowers agreed to sell, the domain name http://www.coins.com ("Coins.com URL"), in consideration for a purchase price specified therein, payable according to a schedule specified therein;

WHEREAS, the Parties agreed that pending completion of payments under the PSA the Coins.com URL would be held in escrow on terms set forth therein and in a Three-Party Escrow Agreement among the Parties and Greenberg & Lieberman, LLC, as Escrow Agent, dated as of May 1, 2018 and annexed to the PSA ("Escrow Agreement");

WHEREAS, Hampstead Global made an initial payment towards the purchase price within the period called for under the PSA;

WHEREAS, prior to making the second payment called for under the PSA, Hampstead Global commenced a chapter 11 case, assigned No. 19-bk-22721-rdd, by filing a voluntary petition for relief in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court");

WHEREAS, following the commencement of the chapter 11 case, Stack's Bowers inter alia timely-filed a proof of claim for the outstanding balance owed under the PSA, moved to dismiss or convert the chapter 11 case (the "Motion to Dismiss") and commenced an action in Los Angeles County Superior Court, assigned Case No. 19SMCV00875 ("California Action");

WHEREAS, following the commencement of the chapter 11 case, Hampstead Global inter alia moved for contempt sanctions in its favor and against Stack's Bowers on account of the latter's commencement of the California Action (the "Contempt Motion" and together with the Motion to Dismiss and any other motions pending before the Bankruptcy Court between Stack's Bowers and Hampstead Global, the "Contested Matters") and also commenced an adversary proceeding against Stack's Bowers, assigned No. 19-ap-8282-rdd (the "Adversary Proceeding") asserting claims for inter alia breach of contract, declaratory judgment, violation of the automatic stay, unfair competition and trademark infringement;

WHEREAS, on June 5, 2020, Hampstead Global filed an amended voluntary petition for relief electing treatment under chapter 11, subchapter v, and a second amended chapter 11 plan; and

WHEREAS, the Parties desire to settle their various disputes, and conclude the chapter 11 case and pending actions on terms set forth herein.

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

Execution Version

1.  <u>Principal Repayment; Maturity</u>.  Hampstead Global shall pay Stack's Bowers $1.4 million ("<u>Principal</u>") plus interest within four (4) years following the Effective Date (the last business day of such four-year period, "<u>Maturity</u>"). Hampstead Global's payment obligation under this Settlement Agreement shall not be subject to offset, reduction or other defense.

2.  <u>Interest</u>.  Interest on outstanding Principal shall accrue at the rate of four percent (4%) per year; provided, however, no interest shall accrue during the one-year period immediately following the Effective Date.  Interest accrued during a given calendar-quarter shall either be paid in cash on the last business day of such calendar-quarter; or alternatively, said interest shall be capitalized and added to outstanding Principal immediately following the last business day of such calendar-quarter and paid at the earlier of Maturity or at the time of Accelerated Payment.

3.  <u>Payments Prior to Maturity</u>.  Hampstead Global shall pay Stack's Bowers (i) $50,000 within three (3) business days following the Effective Date; (ii) $50,000 on the one (1) year anniversary of the Effective Date; and (iii) $100,000 on each of the two (2) year and three (3) year anniversaries of the Effective Date. Said payments shall be applied to outstanding Principal, including capitalized interest. In the event that the payment due date is a Saturday, Sunday or Legal Holiday, or a leap year day, the payment shall be made on the first business day following the payment due date.

4.  <u>Prepayment Penalties</u>.  Intentionally omitted.

5.  <u>Continuation of Escrow Pending Completion of Payments</u>.  Prior to completion of payments required by this Settlement Agreement the Coins.com URL shall remain in escrow, on terms set forth in the PSA and Escrow Agreement.  Upon receipt of confirmation from Stack's Bowers that payments under this Settlement Agreement have been completed, the Escrow Agent shall transfer registration of the Coins.com URL to Hampstead Global. Hampstead Global shall be solely responsible for the payment of the escrow fees to the Escrow Agent for the duration of the Escrow.

6.  <u>Use Rights</u>.  While in escrow, Hampstead Global shall have full use of the Coins.com URL, subject to such limitations as are set forth in the PSA and Escrow Agreement. For the avoidance of doubt, Hampstead Global shall not incur debt secured or encumbered by the Coins.com URL, unless in an amount sufficient to simultaneously complete payments required by this Settlement Agreement and the capital raised is actually applied to completion of such payments; and further, use limitations in the PSA or Escrow Agreement shall not serve to limit Hampstead Global's right to market and sell the Coins.com URL.  The default/remedy provisions of the PSA applicable to violations of use limitations provided therein shall apply in the event of breach of this Paragraph 6.

7.  <u>Accelerated Payment</u>. Hampstead Global covenants that, notwithstanding anything to the contrary herein,  if Hampstead Global consummates a sale, transfer or assignment of the Coins.com URL or its rights thereto under the PSA and Escrow Agreement, Hampstead Global shall apply all of the net proceeds of the transaction to outstanding payment obligations under this Settlement Agreement until satisfied in full, within three (3) business days following receipt thereof.  For the avoidance of doubt, no such transaction shall take place unless the net cash

2

proceeds thereof are sufficient to satisfy all outstanding payment obligations under this Settlement Agreement.

8.  Payment Default

(a) *Prior to Maturity*. If Hampstead Global fails to timely make payments required by Paragraphs 3 or 7, the Coins.com URL shall be sold through a broker selected by the Parties following a marketing period of not to exceed fifteen (15) weeks. In the event that the Parties cannot agree on a broker the matter may be brought before the Bankruptcy Court for resolution. Net sale proceeds shall be distributed first to Stack's Bowers in satisfaction of outstanding payment obligations under this Settlement Agreement, and second to Hampstead Global. The reserve price set by the broker shall be an amount sufficient to fully satisfy outstanding payment obligations under this Settlement Agreement. In the event that the reserve price is not met by the conclusion of the marketing and sale period, the Escrow Agent shall promptly transfer registration of the Coins.com URL to Stack's Bowers.

(b) *At Maturity*. If Hampstead Global fails to pay all outstanding payment obligations under this Settlement Agreement by Maturity, the Escrow Agent shall promptly transfer registration of the Coins.com URL to Stack's Bowers.

9.  Mutual Release.

(a) *Release of Stack's Bowers Parties*. Effective upon the Effective Date, Hampstead Global and each of its officers, directors and members and Adam Perzow, individually, releases and forever discharges Stack's Bowers and its affiliates, including Spectrum Group International Inc. and A-Mark Precious Metals Inc., and their respective members, managers, officers, employees, attorneys, agents and all other persons or entities acting for, by or through them, from any and all claims, causes of action, damages, demands, debts, liabilities, obligations and costs, of whatever nature, character or description, then accrued, whether or not related to the Coins.com URL or Hampstead Global's chapter 11 case from the beginning of the world through the Effective Date.

(b) *Release of Hampstead Global Parties*. Effective upon the Effective Date, Stack's Bowers and each of its officers, directors and members releases and forever discharges Hampstead Global and its affiliates, and their respective members, managers, officers, employees, attorneys, agents and all other persons or entities acting for, by or through them, and Adam Perzow individually from any and all claims, causes of action, damages, demands, debts, liabilities, obligations and costs, of whatever nature, character or description, then accrued, whether or not related to the Coins.com URL or Hampstead Global's chapter 11 case from the beginning of the world through the Effective Date. For the avoidance of doubt, payments and other obligations required by this Settlement Agreement, and ongoing obligations pursuant to the PSA and Escrow Agreement are not released hereby.

10. Dismissal of Pending Actions and Contested Matters. Within three (3) business days following the Effective Date, the Parties shall cause each of the California Action, the Adversary Proceeding and all Contested Matters to be dismissed and/or withdrawn with prejudice and without costs to any party.

11. General Terms

(a) *Effective Date*. This Settlement Agreement shall not become effective until entry of an Order by the Bankruptcy Court approving it pursuant to Rule 9019 and dismissing the chapter 11 case (the date of entry of such Order, the "Effective Date"). Hampstead Global shall move for approval of this Settlement Agreement and dismissal of the chapter 11 case within five (5) business days following execution hereof by the Parties and the Escrow Agent. The proposed form of Order shall provide for the Bankruptcy Court to retain jurisdiction over matters concerning the enforcement, implementation or interpretation of this Settlement Agreement, and shall further include a bar to re-filing a bankruptcy case under chapter 11 or 7 of the Bankruptcy Code prior to completion of payments under this Settlement Agreement. In the event that the Effective Date shall not occur within forty-five (45) days of the date of this Settlement Agreement (unless extended upon mutual consent of the Parties, which consent may be withheld in the sole and absolute discretion of each Party), this Settlement Agreement shall be null and void and not admissible for any purpose in any court proceeding or otherwise.

(b) *Choice of Law*. This Settlement Agreement shall be governed by the laws of the State of New York, without giving effect to conflicts of law principles.

(c) *Counterparts*. This Settlement Agreement may be executed in any number of counterparts each of which shall be deemed an original but all of which together shall constitute one and the same instrument. An electronic copy of a signature page may be relied upon and shall be treated the same as a signed original.

(d) *No Admission of Liability*. It is understood and agreed that this Settlement Agreement is the result of compromise, and for the purpose of resolving disputed claims and concluding Hampstead Global's chapter 11 case without further litigation, cost or expense, and shall not at any time or for any purpose constitute or be considered to be an admission of liability or responsibility on the part of any Party.

(e) *Binding Effect*. This Settlement Agreement shall be binding upon the Parties and their respective successors and assigns.

(f) *Further Acts*. Each Party agrees to do any further acts, or to execute and deliver any further documents or instruments as the other Party may reasonably require for the purpose of giving full effect to the provisions hereof.

(g) *Entire Agreement*. This Settlement Agreement contains and constitutes the entire agreement between the Parties concerning the subject matter hereof and supersedes any and all prior agreements, arrangements or understandings between the Parties relating to such subject matter, except for the PSA and Escrow Agreement.

(h) *Amendment; Waiver*. The terms of this Settlement Agreement may be amended, modified or waived only by an instrument in writing executed by the Parties.

(i) *Severability*. If any provision of this Settlement Agreement is determined to be invalid, void or enforceable for whatever reason by a court of competent jurisdiction, the

Execution Version

remaining provisions shall continue in full force and effect without being impaired in any manner whatsoever, provided the material intent of this Settlement Agreement is not compromised.

(j)    *Independent Legal Advice*.  Each Party represents and warrants that it has read this Settlement Agreement and understands and voluntarily accepts its terms, and that it has had the opportunity to obtain independent legal advice with respect to the meaning of this Settlement Agreement and the advisability of making the settlement on terms and conditions provided herein.  No presumption shall be made in favor or against any Party as a result of the preparation or drafting of this Settlement Agreement.  Each Party forever waives all rights to assert that this Settlement Agreement was the result of a mistake in law or in fact.

(k)    *Inconsistency with PSA*. To the extent that the terms of this Settlement Agreement, including the payment and default provisions hereof, are inconsistent with those in the PSA, the terms of this Settlement Agreement shall control.  For the avoidance of doubt, the payment terms in the PSA are superseded by the payment terms of this Settlement Agreement.

[Signature Page Immediately Follows No Further Text]

5

Execution Version

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date set forth above.

STACK'S BOWERS NUMISMATICS, LLC
dba STACK'S BOWERS GALLERIES

*/s/ BK/*

Name: BRIAN KENDRELLA
Title: PRESIDENT

HAMPSTEAD GLOBAL, LLC

*/s/ Adam Perzow/*

Name: Adam Perzow
Title: Sole Member and Manager

Acknowledged as to Paragraphs 5-8:
GREENBERG & LIEBERMAN, LLC,
as Escrow Agent

_____

Name: Stevan Lieberman
Title: Member

ADAM PERZOW, individually, for purposes of granting and receiving the releases in Paragraph 9

*/s/ Adam Perzow/*

Execution Version

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date set forth above.

STACK'S BOWERS NUMISMATICS, LLC
dba STACK'S BOWERS GALLERIES

_____
Name:
Title:

HAMPSTEAD GLOBAL, LLC

*/s/ Adam Perzow*
Name: Adam Perzow
Title: Sole Member and Manager

Acknowledged as to Paragraphs 5-8:
GREENBERG & LIEBERMAN, LLC,
as Escrow Agent

*/s/ Stevan Lieberman*
Name: Stevan Lieberman
Title: Member

ADAM PERZOW, individually, for purposes of granting and receiving the releases in Paragraph 9

*/s/ Adam Perzow*