Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
Special Litigation Counsel to the Debtor
75 S. Broadway, Suite 429
White Plains, NY 10601
(917) 673-3768
Charles@Freshstartesq.com

*Hearing Date: July 7, 2020*
*Hearing Time: 10:00 a.m.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

HAMPSTEAD GLOBAL, LLC,

Chapter 11
Case No. 19-22721 (RDD)

Debtor.
------------------------------------------------------------X

## NOTICE OF HEARING TO CONSIDER FINAL APPLICATION FOR ALLOWANCE OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

**PLEASE TAKE NOTICE,** that upon the annexed motion (the "Motion"), The Law Office of Charles A. Higgs will move this Court, before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on July 7, 2020 at 10:00 a.m., or as soon thereafter as counsel may be heard, to consider its application pursuant to, *inter alia*, §§503(b) and 330 of the Bankruptcy Code (the "Application") as professional retained herein:

| Applicant & Nature of Representation | Compensation Requested | Unreimbursed Expenses | Period of Request |
|---|---|---|---|
| Law Office of Charles A. Higgs *Special Litigation Attorneys for the Debtor* | $16,350.00 | $375.35 | 7/15/19– 6/28/20 |

**PLEASE TAKE FURTHER NOTICE** that the Application has been or will be filed at the office of the Clerk of the Bankruptcy Court at the address stated above and may be examined

on the Courts website www.nysb.uscourts.gov/ (a PACER password and login are required) or may be obtained by contacting the Applicants in writing.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion must be made in writing, filed with the Court on the Court's Electronic Case Filing System, at www.ecf.nysb.uscourts.gov (login and password required), with a copy delivered directly to Chambers and served upon: (i) The Law Office of Charles A. Higgs, 75 S. Broadway, Suite 429, White Plains, New York 10601, Attn. Charles Higgs; (ii) Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10004, Attn: Shannon Scott, Esq.; and (iii) all parties filing notice of appearance so as to be received no later than seven (7) days prior to the hearing.

Dated: Stamford, CT
June 29, 2020

                                         Law Office of Charles A. Higgs
                                         75 S. Broadway, Suite 429
                                         White Plains, New York 10601
                                         (917) 673-3768

                                         By: */s/ Charles A. Higgs*
                                                     Charles Higgs


TO:    The Debtor c/o Adam Perzow
          Amini LLC
          All Creditors and Parties in Interest
          United States Trustee
          All Parties Filing Notices of Appearance

| Law Office of Charles A. Higgs | *Hearing Date: July 7, 2020* |
|---|---|
| 75 S. Broadway, Suite 429 | *Hearing Time: 10:00 a.m.* |
| White Plains, New York 10601 | |
| (917) 673-3768 | |
| Charles A. Higgs, Esq. | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

HAMPSTEAD GLOBAL, LLC,

         Debtor.

-------------------------------------------------------------X

Chapter 11
Case No. 19-22721 (RDD)

**FINAL APPLICATION FOR ALLOWANCE OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICE OF CHARLES A. HIGGS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR, FOR THE PERIOD OF JULY 15, 2019 THROUGH JUNE 28, 2020**

**TO: THE HONORABLE ROBERT D. DRAIN**
   **UNITED STATES BANKRUPTCY JUDGE:**

The Law Office of Charles A. Higgs (the "Applicant"), attorneys for the above captioned debtor (the "Debtor"), submits this application (the "Application") seeking final approval and allowance of professional fees pursuant to Bankruptcy Code Sections 330 and 503(b), covering services rendered by the Applicant to the Debtor from July 15, 2019 through June 28, 2020 (the "Fee Period"), plus necessary and reasonable disbursements incurred during the same period of time.

**LEGAL STANDING OF APPLICANT**

1. Applicant is admitted to practice law in the State of New York and the Federal and Bankruptcy Court for the Southern District of New York and is in good standing in this Court. Charles A. Higgs has practiced almost exclusively in the area of bankruptcy law for the past ten (10) years, during which time Applicant has represented both Debtors and Creditors in cases under

Chapter 7, Chapter 11, and Chapter 13 of the Bankruptcy Code. Applicant's experience in bankruptcy matters includes providing representation in a number of litigated matters, including litigated matters before this Court.

2. On March 30, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the or this "Court").

3. On the Petition Date, the Debtor was represented by the Law Office of Charles A. Higgs (the "Higgs Firm").

4. On April 15, 2019, the Higgs Firm filed an Application to Employ Law Office of Charles A. Higgs as Attorney for the Debtor on Presentment. [ECF Docket No. 11].

5. On June 26, 2019, a Stipulation of Proposed Substitution of Counsel for the Debtor with an Amended Stipulation of Proposed Substitution of Counsel for the Debtor being filed on even date. [ECF Docket No. 17, 18].

6. On July 18, 2019, an Application to Employ The Law Office of Charles A. Higgs as Special Litigation Counsel for the Debtor and Debtor in Possession *Nunc Pro Tunc* was filed. [ECF Docket No. 21]. On August 9, 2020, an order was entered granting the Higgs Retention Application *nunc pro tunc* to July 18, 2019. [Docket No. 37].

## FORMAT OF APPLICATION

7. In order to inform the Court of the nature, extent, detail and complexity of the services rendered, and for the Court to have an overall picture of the Applicant's activities on behalf of the Debtor during the Chapter 11 cases to date, Applicant has set forth the details for its services under topical headings. Each of the topics is developed in a summary fashion so that the narrative in each is complete.

8. Applicant seeks final allowance of reasonable compensation for professional services rendered as counsel to the Debtor from July 15, 2019 through June 28, 2020 and reimbursement of actual and necessary out-of-pocket disbursements for the same period.

9. At the time of Applicant's retention, the Debtor agreed, subject to Bankruptcy Court approval, to hourly billing rates for Charles A. Higgs in the amount of $400.00, and for paraprofessionals $200.00.

10. Applicant received a $2,300.00 third party retainer from Adam Perzow in connection with its representation of the Debtor.

11. Annexed as **Exhibit "A"** is a certification by Charles A. Higgs, made pursuant to the Guidelines for Reviewing Applications For Compensation as promulgated by the United States Trustee dated March 22, 1995 and the Amended Guideline for Fees and Disbursements for Professional in the Southern District of New York Bankruptcy Court dated November 25, 2009 ("U.S. Trustee Guidelines").

12. Applicant maintains precise and detailed records of time expended in the rendition of all professional services. In accordance with the U.S. Trustee Guidelines, a breakdown of time entries by project category. A summary cover sheet and time records are annexed as **Exhibit "B"**.

## SUMMARY OF THE CHAPTER 11 CASE

13. On March 30, 2019, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor has continued in possession of its property and management of its business affairs as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No committee, trustee or examiner has been appointed.

14. The Debtor is a single member Limited Liability Corporation that has been in the process of developing a digital currency and digital currency platform on their primary asset, the internet domain www.coins.com.

## SUMMARY OF APPLICANT'S SERVICES

### A. Retention of Professionals

15. This chapter 11 case was filed by Applicant (the "Higgs Firm"). Approximately three months later, on June 26, 2020, a Stipulation of Substitution of Counsel among the Higgs Firm, the KAC Firm, and the Debtor was filed. [ECF Docket # 17, 18].

16. Applicant prepared an application to employ Applicant as special litigation counsel to the Debtor, which was filed by counsel for the Debtor on July 18, 2020. [ECF Docket # 21]. On August 9, 2020, the Court entered an order granting The Higgs Firm Retention Application effective as of July 15, 2019. [ECF Docket # 37].

### B. The Adversary Proceeding

17. On August 7, 2019, Applicant on behalf of the Debtor, filed an Adversary Complaint against creditor Stacks-Bowers Numismatics, Adversary Proceeding Case Number 19-08282. [Adv. ECF # 1]

18. On August 19, 2019 a Summons was issued in the Adversary Proceeding. [Adv. ECF # 2]

19. On September 19, 2019, Stacks filed an Answer to the Adversary Complaint. [Adv. ECF # 4]

20. On December 16, 2019, Applicant attended a pre-trial conference in the Adversary Proceeding.

### C. The Stay Violation Motion

19. At Debtor's request on September 3, 2019, Applicant, filed Debtor's Motion for Sanctions for violation of the automatic stay and for Contempt (the "Contempt Motion") against Stacks-Bowers Numismatics. [ECF Docket # 41].

20. On September 25, 2019, Debtor through Applicant filed a Supplemental Memorandum of Law in Further Support of Debtor's Contempt Motion. [ECF Docket # 44].

21. On September 30, 2019 Stacks filed Opposition to the Contempt Motion. [ECF Docket # 46]. On October 1, 2019 Stacks filed Amended Opposition to the Contempt Motion. [ECF Docket # 47, 49].

22. On December 2, 2019, Debtor through Applicant, filed a Reply to Stacks' Opposition to the Contempt Motion.

23. On December 16, 2019, Applicant appeared at the Court hearing on the Contempt Motion.

### D. Motion to Seal

24. On July 23, 2019, immediately after the filing of the Application to Employ The Higgs Firm, Stacks filed a Motion to Seal related to Proof of Claim Number 1 and ECF Docket # 15. [ECF Docket # 22].

25. There were subsequently communications between the Court, Stacks, and the Debtor with respect to the applicability of Section 107(b) of the Bankruptcy Code to the content in the Motion to Seal.

26. Applicant on behalf of the Debtor prepared and sent several communications in response to questions from the Court on the issue of Section 107(b) of the Bankruptcy Code.

27. The Court thereafter entered an Order Authorizing the Filing of Document Under Seal

Pursuant to 11 U.S.C. Section 107(b)(1) and Fed. R. Bankr. P. 9018. [ECF Docket # 38].

### E. Settlement Negotiations and Litigation Strategy

21. Throughout the chapter 11 case Applicant had numerous discussions with the Debtor regarding different litigation strategies and potential settlement options related to the Adversary Proceeding and the Contempt Motion. Applicant also had discussions with Debtor's counsel throughout the case to make sure the litigation strategies employed were consistent with the overall bankruptcy strategy in the case.

### F. Miscellaneous Activities

22. The foregoing description of Applicant's services merely summarizes the legal services performed by Applicant. Applicant's time records annexed hereto as **Exhibit B**, provide detailed descriptions of the activities performed by Applicant on behalf of the Debtor. The Court is respectfully referred to said records to more fully analyze Applicant's activities during the period requested.

23. Applicant wishes the Court to note the benefits conferred on the estate as a result of these substantial efforts, including the fact that there is a pending motion to approve a proposed settlement between Debtor and Debtor's largest Creditor.

## CASE STATUS

24. The Debtor, through its proposed new counsel Amini LLC, filed a Motion to Approve a Settlement with its largest Creditor, the proposed settlement seeks dismissal of Debtor's chapter 11 case, which reflects that Debtor intends to dismiss the case without paying its professionals and creditors in full.

25. It is submitted that the proposed settlement was achieved as a result of the time and efforts of Applicant and Debtor's bankruptcy counsel in this case; further supporting the granting of Applicant's fee application in full.

## APPLICABLE LEGAL STANDARDS

26. Section 330(a) of the Bankruptcy Code provides that a Bankruptcy Court may award to a professional person employed under Section 327:

> (A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.
> \* \* \*
> (3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> > (A) the time spent on such services;
> > (B) the rates charged for such services;
> >
> > (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> >
> > (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed; and
> >
> > (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

27. Section 503(b)(2) of the Bankruptcy Code provides that:

> After notice and a hearing, there shall be allowed administrative expenses . . . including . . . compensation and reimbursement awarded under section 330(a) of this title . . .

28. Although the Supreme Court has not ruled on the proper method for determining reasonable fees under Section 330(a), the Court has established guidelines generally applicable to awards of attorneys' fees under other federal statues, which require that the fee awarded be

reasonable. *See, Pennsylvania v. Delaware Valley Citizens' Council for Clear Air*, 478 U.S. 546 (1986) (construing standards for award of fees under § 304(d) of the Clean Air Act ("Delaware Valley I"); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987) ("Delaware Valley II"). In Delaware Valley I, the court concluded that the "lodestar" approach to determining fees for services performed, as articulated in *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3rd Cir. 1973), was preferable to other, more subjective methods: "[T]he 'lodestar' figure includes most, if not all, of the relevant factors comprising reasonable attorneys' fees." *Delaware Valley Citizens' Counsel for Clean Air* at 565.

29. <u>Lodestar</u>. Under the lodestar calculation, a reasonable hourly rate is set by the court based on a number of factors, including the difficulty of the task, the prevailing market rate for counsel of the petitioner's experience, counsel's normal billing rate, and the rates awarded by other courts in similar circumstances. The American Bankruptcy Institute favors the lodestar approach as "giving the courts a simple mathematical formula to apply as the starting point for the analysis, with the reasonableness inquiry narrowed principally to the hourly rate and time spent factors." *American Bankruptcy Institute National Report on Professional Compensation in Bankruptcy cases* (G.R. Warner rep. 1991) p. 144.

30. The first step to be taken in a lodestar analysis is to determine the nature and extent of services rendered. Applicant has expended **41.1 hours** from <u>**July 15, 2019 through June 28, 2020**</u>. Applicant respectfully submits that the hours billed were reasonable and necessary.

31. The next step is to establish a reasonable hourly rate. 11 U.S.C. § 330(a) provides for the award of reasonable compensation for actual and necessary services performed by professionals employed pursuant to Section 327 and 1103 of the Bankruptcy Code "based on the time, the nature, the extent, and the value of comparable services other than in a case under this

title." *See also, Collier on Bankruptcy*, ¶330.02, p. 330-12 (1st Ed. 1996). The Bankruptcy Code thus rejects the "principle of economy" which existed under the Bankruptcy Act. "Notions of economy of the estate in fixing fees are outdated and have no place in a Bankruptcy Code." 124 Cong. Rec. 11,0899 (daily ed. Sept. 28, 1978) (statement of Congressman Edwards on policies underlying Section 330). *Accord, In re Bible Deliverance Evangelistic Church*, 39 B.R. 768, 774 (Bankr. E.D. Pa. 1984).

32. Indeed, Congress has made clear that the fees paid in bankruptcy cases must be no less than those paid in other cases involving legal specialties with comparable complexities and responsibilities: "Bankruptcy specialists . . . if required to accept fees in all of their cases that are consistently lower than fees they could receive elsewhere, will not remain in the bankruptcy field." *H.R. Rep. No. 595, 95th Cong. & Admin. News*, p. 5787. Congress intended that allowance of professional fees in bankruptcy cases should be at market rates in the market in which they customarily practice. *In re Jenson-Farley Pictures, Inc.,* 47 B.R. 557, 578 (Bankr. D. Utah 1985).

33. Consistent with the intent of Congress as expressed in the legislative history of the Bankruptcy Code, it is "necessary to compensate bankruptcy attorneys, whenever possible, at the highest rate of compensation available for their efforts." *In re Bible Deliverance Evangelistic Church, supra*, 39 B.R. at 773. *See also, In re Penn-Dixie Industries, Inc., supra*, 39 B.R. at 838 (a liberal standard of compensation is needed to "encourage successful administration of estates by attracting bankruptcy specialists of high quality").

34. The rates charged by Applicant are commensurate, if not below, those typically charged by Applicant and other bankruptcy attorneys in the Southern and Eastern Districts of New York. Accordingly, the lodestar amount of fees sought by Applicant (customary hourly rate multiplied by the reasonable/necessary time spent) is both reasonable and appropriate.

35. <u>Time, Nature, and Extent of Services, Results Obtained and Related Factors</u>. The summary set forth above and the annexed cover sheet and detailed time slips disclose the time, nature and extent of professional services rendered by Applicant during the period sought. Further, Applicant believes the time spent was justified by the beneficial results achieved in this matter, which is evidenced by the motion to approve settlement that is currently pending before the Court.

36. Services rendered by the Higgs Firm were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed. Whether reviewed individually as to each of the tasks described or collectively as a whole, the time expended by Applicant has been reasonable and efficient to accomplish the needs of the Debtor in this Chapter 11 case.

37. <u>The Skill Requisite to Perform the Legal Services Properly</u>. In order to perform the services and obtain the results required in its representation of the Debtor, substantial legal skill and experience in the areas of bankruptcy and litigation were required by Applicant.

38. <u>Preclusion of Other Employment</u>. Adequate representation of the Debtor herein required a substantial commitment of Applicant's resources. Although Applicant was not precluded from accepting other engagements, matters herein treated by Applicant in an expeditious and professional manner. Various matters on behalf of the Debtor required Applicant to devote considerable time, often to the preclusion of expending time on other matters.

39. <u>Time Limitations or Other Circumstances</u>. Many of the matters on behalf of the Debtor have required resolutions on an expedited basis. This Debtor in particular required a very collaborative, hands on approach.

40. <u>Amounts Involved and Results Obtained</u>. As evidenced by the pending Motion to Approve Settlement in this case, Applicant, through its services, has succeeded in assisting the

Debtor in obtaining a resolution with its primary creditor, which is also by far largest creditor in this case.

41. <u>The Customary Fee</u>. The hourly rates of the attorneys of Applicant are equal to or less than hourly rates billed by Applicant to its clients in other Chapter 11 matters.

42. <u>Awards in Similar Cases</u>. The amount requested by Applicant is not unreasonable in terms of awards in cases of similar complexity. Compensation requested by Applicant comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.

43. <u>Whether the Fee is Fixed or Contingent</u>. Applicant's compensation in this Chapter 11 case is subject to the approval of the Court. The Applicant's compensation should reflect its assumption of the high degree of risk of non-payment and its delay in payment in addition to the results achieved thus far.

44. <u>The Experience, Reputation and Ability of the Attorneys</u>. Applicant is experienced in matters of this kind and has a history of handling litigation involving novel bankruptcy issues. In addition to representation of Clients in bankruptcy matters, Applicant regularly receives requests for advice on bankruptcy issues from other attorneys

## **ALLOWANCES FOR COMPENSATION**

45. During Applicant's retention in the period of request herein, Applicant has been caused to render **41.1 hours** of professional services to the Debtor. These professional services demanded a high degree of Applicant's professional competence and responsibility. Applicant rendered such services in an efficient and economical manner on legal issues presented, which range other specialties of law. Applicant attempted on every occasion to avoid duplication of

services performed by the other professionals retained in this case. The value of the services rendered by Applicant were necessary, essential and beneficial to the estate at large.

46. In conformity with the practices of the Applicant, that due to the pressures of other business matters during the course of the day, or inadvertence, not every single minute detail for Applicant's services were recorded by Applicant, and Applicant is not seeking compensation for same.

47. In view of the difficulties inherent in this case, the contingency of Applicant's compensation, the standing in bar of Applicant, the amount of legal services performed, the time consumed, the skill required by Applicant, and most important, the results achieved, Applicant requests that it be allowed the sum of **$16,350.00** as compensation for professional services rendered from July 15, 2019 through June 28, 2020 , and with respect to disbursements during the same time, Applicant requests that it be reimbursed the sum of **$373.35.**

48. Applicant believes the amount of compensation requested most reasonable in light of the substantial services performed and the beneficial results obtained to date.

49. No agreement prohibited by 18 U.S.C. Section 155 has been made.

**WHEREFORE,** the Applicant requests that it be granted final allowance for compensation for professional services rendered, as set forth in this Application, in the sum of **$16,350.00** and necessary out-of-pocket expenses incurred in the sum of **$373.35**, together with such other and further relief as is just, proper and equitable under the circumstances.

Dated: June 28, 2020

LAW OFFICE OF CHARLES A. HIGGS
*Special Litigation Counsel for the Debtor*
75 S. Broadway, Suite 429
White Plains, New York 10601
(917) 673-3768

By: */s/ Charles A. Higgs*
      Charles A. Higgs