KIRBY AISNER & CURLEY LLP
700 Post Road, Ste. 237
Scarsdale, New York 10583
(914) 401-9500
Dawn Kirby, Esq.

*Hearing Date: July 7, 2020*
*Hearing Time: 10:00 a.m.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

HAMPSTEAD GLOBAL, LLC,

                Debtor
--------------------------------------------------------x

Chapter 11
Case No. 19-22721 (rdd)

## OPPOSITION OF KIRBY AISNER & CURLEY LLC TO DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE

Kirby Aisner & Curley, LLP ("KAC"), as and for its Opposition to the motion (the "Motion") of Hampstead Global LLC (the "Debtor") approving a settlement with Stack Bowers Numismatics LLC ("Stacks") annexed to the Motion as Exhibit A (the "Agreement") and dismissing the chapter 11 case, respectfully sets forth as follows:

    1.    KAC has no objection to the terms of the proposed Agreement, which is the cumulative result of over a year's worth of litigation and negotiation within this Chapter 11 case.

    2.    KAC's objection relates to the Debtor's attempt to dismiss its case without resolving claims of its administrative creditors and other unsecured creditors consistent with the priority scheme of the Bankruptcy Code. To do so would not be in the best interests of the other creditors or the estate.

    3.    On June 5, 2020, the undersigned was very surprised to learn via ECF that the Debtor filed an application to retain new counsel. [Docket No. 83]. The application contained unnecessary and untrue disparaging remarks concerning KAC which were addressed in KAC's Limited Response. [Docket No. 91].

1

4. On June 5, 2020, the Debtor also filed an Amended Plan acknowledging the Debtor owes KAC legal fees and costs in the estimated amount of $50,000. [Docket No. 81, p.3]. Article 2.2 proposes to pay all allowed professional fees in full. Articles 5.5 addresses a Disputed Claim Reserve, but only mentions a dispute with Stacks. Article 5.6 addresses the Resolution of Disputed Claims, but again only references a dispute with Stacks. There is no indication that the Debtor disputes amounts estimated to be due to KAC. The Debtor's principal and its proposed new counsel each signed the Amended Plan.

5. Six days later, Debtor's new counsel filed the Motion, seeking to approve the Agreement and dismiss the chapter 11 case. The Agreement seeks to pay only one general unsecured creditor, Stacks. It does address the Debtor's administrative creditors, which have priority for payment over Stacks under the Bankruptcy Code. Nor does it address payment to the other unsecured creditors.[1]

6. Neither Mr. Perzow nor any of his team of counsel has contacted KAC, except that on June 7, 2020, Mr. Chubak responded to Ms. Kirby's request for a Substitution of Counsel form. Ms. Kirby returned a signed substitution form the same day with authorization to conform her signature and efile. The substitution was never filed.

7. On June 12, 2020, Ms. Kirby sent an email to Mr. Chubak inquiring whether the Debtor wished to resolve KAC's legal fee claim. No response was ever received.

8. The way in which the Debtor manufactured the instant situation suggests a ploy to avoid paying its professionals and other creditors. KAC continued to loyally work for the Debtor through June 5, 2020. That morning, at the Debtor's direction, KAC prepared an amended petition

---

[1] The Motion promises to submit statements supporting the Agreement from certain "insider" general unsecured creditors but does not address the 9 other non-insider general unsecured creditors.

electing Subchapter V[2], only to read Mr. Perzow's outlandish statement on ECF seven hours later disparaging KAC for "refusing" to do so. A complete fabrication.

9. KAC's efficient administration of the chapter 11 case and participation, along with the Debtor's other professionals, in settlement discussions for over a year are the foundation of the Debtor's resolution of its dispute with Stacks.

10. The Court should not authorize what appears to be a structured dismissal eliminating payments to priority administrative professionals in favor of one general unsecured creditor, and failing to provide for payment to non-insider unsecured creditors. To do so would violate the U.S. Supreme Court's decision in *Czyzewski et al., v. Jevic Holding Corp., et al.,* 137 S. Ct. 973 (2017). In *Jevic*, the Court held that the proposal to pay the Debtor's secured creditor and unsecured creditors, effectively cutting out employee WARN claims that enjoyed priority over unsecured claims under the Bankruptcy Code's priority scheme, was not authorized under the Bankruptcy Code.

11. *Jevic* does not prohibit structured dismissals, but rather prohibits non-consensual structured dismissals that violate the Bankruptcy Code's priority principals. KAC does not consent to the dismissal of the chapter 11 case without payment of its fees and expenses, subject to this Court's determination of KAC's Fee Application.

12. As in *Jevic*, this Debtor proposes to dismiss its case without providing distribution to its administrative professionals who take priority over Stacks, a general unsecured creditor proposed to receive payment-in-full. This Court should not approve a structured dismissal that

---

[2] KAC was standing by to file same as soon as authorized by the Debtor. Mr. Perzow said he was "out of pocket" and would be in touch around 4-ish, and that he agreed with KAC that Subchapter V has benefits. Thus, KAC's surprise when seven hours later Debtor's new counsel filed a retention application.

distributes estate assets contrary to the Bankruptcy Code's priority scheme without the consent of the effected creditors.

13. *Jevic* distinguished its decision from the Second Circuit's decision in *In re Inridum, LLC,* 478 F3d 452 (2d Cir. 2007) because there the distribution occurred earlier on in the case where the extent of the estate and claims were not fully resolved, as opposed to being part of a dismissal of the chapter 11 case. That is precisely where this case lies. The administration of the case is at the final stages. The dismissal seeks to distribute funds outside of the Bankruptcy Code's priority scheme. Thus, it is improper.

14. Consistent with the Debtor's own representations made in the Amended Plan, KAC is owed just over $50,000 in legal fees and expenses as set forth in its fee application (subject to Court approval). KAC does not consent to be paid "zero" for its year-long efforts and costs incurred on behalf of the Debtor.

**WHEREFORE,** KAC respectfully requests the Court denies the Motion in its entirety, together with such other and further relief as is just under the circumstances.

Dated: Scarsdale, New York  
       June 30, 2020

Respectfully submitted,  
KIRBY AISNER & CURLEY LLP  
700 Post Road, Suite 237  
Scarsdale, New York 10583  
(914) 401-9500

By: */s/ Dawn Kirby*  
    Dawn Kirby, Esq.