Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
*Proposed Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| HAMPSTEAD GLOBAL, LLC, | Case No. 19-22721-rdd |
| Debtor. | Re: Dkt. No. 94 |

**REPLY IN SUPPORT OF MOTION OF DEBTOR TO APPROVE**
**SETTLEMENT AGREEMENT AND DISMISS CHAPTER 11 CASE**

The Debtor submits this reply in further support of its motion to approve the subject Settlement Agreement and dismiss this chapter 11 case.

1. Kirby Aisner & Curley LLP ("KAC") and Law Office of Charles A. Higgs object to the motion on the ground that the requested relief runs afoul of *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017) in that it only provides for payment of Stack's Bowers allowed claim, but not theirs.

2. At the 341 meeting, held June 30, 2020, the undersigned advised that the Debtor wished to resolve the then-contemplated objection by modifying the proposed order, and invited comments from Ms. Kirby and Mr. Higgs.

3. Not having heard from them, on July 1, 2020, at 1:30 p.m. the undersigned e-mailed them and the Subchapter V Trustee proposing to add the following to the proposed order to address their concerns:

> ORDERED, that notwithstanding anything to the contrary herein or in the Settlement Agreement, the Debtor shall pay or cause to be paid allowed claims for fees and reimbursement of expenses of

> Kirby Aisner & Curley LLP (KAC) and The Law Office of Charles A. Higgs, in equal installments, on the last business day of each calendar-quarter, over a four-year period commencing upon entry hereof; provided, however, payments due to KAC under this decretal paragraph shall be deferred until three business days following entry of a final, non-appealable arbitration award under 22 NYCRR Part 137 or final, non-appealable order or judgment of a court of competent jurisdiction allowing its fees and expenses; and it is further
>
> ORDERED, that in the case of a payment default under the preceding decretal paragraph, the affected professional may move to re-open this case for the purpose of seeking an accelerated judgment against the Debtor in the amount of its outstanding, allowed claim for fees and expenses, and costs other than attorney's fees.

A copy of that e-mail was forwarded to the chambers address by Mr. Teitelbaum and is also attached hereto as Exhibit 1.[1]

4. No response has been received to date. Instead, on July 1, 2020, at 9:30 p.m., KAC filed its objection, and Mr. Higgs filed his at 11:58 p.m.

5. The objections should be overruled because the motion does not seek a structured dismissal that circumvents the priority scheme. A "structured" dismissal is one that provides for distribution of estate property to creditors. See *Jevic*, 137 Ct. at 979 (citing ABI description). The Settlement Agreement does not provide for distribution of estate property; rather, it concerns only the Debtor's principal asset (Debtor's contractual rights with respect to the Coins.com URL, being held in escrow), and contemplates it returning from the estate to the Debtor, and the Debtor's principal (not the Debtor, whose monthly reporting reflects it does not and did not have cash) making payments to Stack's Bowers until a monetization event.

---

[1] As to Subchapter V Trustee fees, the Debtor asked the Trustee in the e-mail for accrued fees but no response was received. The Debtor is not seeking to duck these fees, which the Subchapter V Trustee described as de minimis at the 341 meeting.

6. As indicated above, the Debtor is amenable to the order's directing payment of allowed professional fees in installments and providing a remedy in the event of payment default (immediate judgment). This proposal should be acceptable to KAC, as it has repeatedly stated it was prepared to elect treatment under Subchapter V, and went so far as to direct the firm's paralegal to prepare an amended voluntary petition [Dkt. No. 91, ¶¶8, 11; Dkt. No. 102, ¶8], the principal benefit of Subchapter V being the ability to "stretch" payment of administrative expenses under section 1191(e)'s "special rule". The proposal should also be acceptable to Mr. Higgs, whose engagement agreement, the form of which is attached hereto as Exhibit 2, provided for payment of fees on the same timetable as section 327(a) counsel ("All attorney fees incurred in excess of the retainer agreement shall be paid no later than the time payment is made to Debtor's bankruptcy counsel"). In any event, no reasonable alternative proposal has been made by either of them despite request.[2]

7. That matter having been addressed, the Settlement Agreement should be approved, and this chapter 11 case dismissed consistent therewith. Stack's Bowers, whose claim constitutes three-quarters of the claims pool, has expressed a preference for its approval [Dkt. No. 107, Footnote 1]. Declarations in support of approval of the Settlement Agreement from creditors comprising nearly all of the remaining one-quarter are annexed hereto as Exhibit 4.

8. Two additional matters warrant attention. Much ink has been spilled by Ms. Kirby over the undersigned's alleged refusal to file a substitution. At the outset, that is simply not true. Ms. Kirby e-mailed the undersigned on Friday June 5, 2020, at 9:21 p.m. asking "When can I expect to receive a substitution of counsel form?" A form comporting with Official Form AO154

---

[2] The only proposal made by Ms. Kirby is to escrow the subject fees (see Exhibit 3), which the Debtor sees no reason to do given the pendency of the subject fee dispute, and the above-referenced special rule.

(Substitution of Attorney) was provided on Sunday June 7, 2020, that included a wet-ink signature from the client, and a signature from the undersigned. See Exhibit 5. For reasons unclear to the undersigned, KAC deemed that form deficient notwithstanding Rule 9009 (requiring use of Official Forms where applicable) and proposed a different form that inter alia did not contemplate court approval. See Exhibit 6. Before the undersigned had the chance to revert as to this matter, however (having been out of pocket Monday and most of Tuesday), KAC filed a response to the employment application, that had not even been noticed for hearing, that twice stated that KAC consented to the subject substitution. At that point, there was not much point in filing the substitution as proposed by KAC, everyone involved having made abundantly clear on the docket in one form or another that they agreed to the subject substitution, and KAC having declined to use a form that contemplated its being so ordered. And of course, nothing precluded KAC from filing the form proposed by the undersigned.

9. As to Mr. Teitelbaum's declaration, the issue appears to be that he interpreted Mr. Perzow's declaration as insinuating something other than a professional relationship or social friendship [Dkt. No. 107, ¶6]. Respectfully, that is not a reasonable construction of the declaration. Mr. Perzow attested that he believed that that "KAC had an oddly close relationship with Jay Teitelbaum" [Dkt. No. 104, ¶15] and provided specific examples to support the basis for that belief. And Mr. Teitelbaum acknowledged he and Ms. Kirby have discussed a number of personal details over the years that they have known each other, on account of their both being members of the quite small Westchester bankruptcy bar [Dkt. No. 107, ¶8]. Mr. Teitelbaum described the content of Mr. Perzow's declaration as defamatory, offensive and baseless, so as to warrant sua sponte sanctions against both him and the undersigned; but respectfully, the declaration does not insinuate what Mr. Teitelbaum says it does, nor is it otherwise defamatory as to him. The undersigned regrets that Mr. Teitelbaum was offended, but the appropriate remedy is not sua sponte sanction, it is to seal the subject declaration,

relief the Debtor consents to, so as to not prejudice it in the fee dispute which Mr. Teitelbaum takes no position on. (Id. ¶3.)

WHEREFORE, the Court should enter the proposed order annexed to the motion, with the modifications proposed above, and grant such other and further relief as the Court deems just and proper.

Dated: July 3, 2020 Respectfully submitted,

/s/ Jeffrey Chubak
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
*Proposed Attorneys for the Debtor*