UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| HAMPSTEAD GLOBAL, LLC, | Case No. 19-22721-rdd |
| Debtor. | |

**ORDER (A) APPROVING SETTLEMENT AGREEMENT
AND (B) DISMISSING CHAPTER 11 CASE**

Upon the motion (the "Motion") of the debtor and debtor in possession herein (the "Debtor") for an order (a) pursuant to 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 9019, approving the settlement agreement, a copy of which is attached as an exhibit to the Motion (the "Settlement Agreement"), and (b) pursuant to 11 U.S.C. § 1112(b) dismissing this chapter 11 case, in accordance with the Settlement Agreement; and there being due and sufficient notice of the Motion and the hearing thereon; and upon the objections to the Motion; and upon all pleadings filed in response thereto; and upon the record of the hearing held by the Court on the Motion on June 7, 2020, at which the objection The Higgs Firm was resolved as set forth on the record and herein; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the hearing, the Court having determined that (a) the Settlement Agreement is fair and equitable and in the best interests of the Debtor's estate and creditors, in the light of the risks, costs, and delay of continued litigation, (b) the Settlement Agreement does not conflict with the Bankruptcy Code's priority scheme and, in the alternative, any such conflict is warranted after the Court's careful consideration in light of the issues settled, including the Debtor's inability to realize material value for any creditors without the Settlement Agreement, and (c) the Debtor has established good and sufficient cause for the dismissal of this case and such dismissal, on the terms hereof, rather than the conversion of this case to a case under chapter 7 of the Bankruptcy Code, is in the interests of creditors and, to the extent relevant, the Debtor's interest holders; now, therefore, it is hereby

ORDERED, that the Motion is granted as provided herein; and it is further

ORDERED, that pursuant to 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 9019, the Settlement Agreement is approved and the Debtor is authorized to perform it according to its terms; and it is further

ORDERED, that pursuant to 11 U.S.C. § 1112(b), this chapter 11 case is dismissed; and it is further

ORDERED, that the Debtor is prohibited from filing another bankruptcy case under chapter 11 or 7 of the Bankruptcy Code prior to completion of all payments under the Settlement Agreement; and it is further

ORDERED, that on or before 14 days after the date of this Order the Debtor shall file the appropriate affidavit regarding disbursements and pay all outstanding fees and statutory interest thereon due to the United States Trustee, regardless of any payments to be made by or on behalf of the Debtor to Stack's Bowers Numismatics, LLC (dba Stack's Bowers Galleries) ("Stack's Bowers") pursuant to the Settlement Agreement; and it is further

ORDERED, that The Higgs Firm's professional fee claim shall be allowed, by separate order, in the amount of $12,000; and, of that amount, $5,000 shall be immediately due and payable and paid by or on behalf of the Debtor, to the extent not already paid, and the $5,000 balance, after application for the $2,000 retainer previously paid by the Debtor to The Higgs Firm, shall be paid by or on behalf of the Debtor by July 7, 2021, regardless of any payments to be made by or on behalf of the Debtor to Stack's Bowers pursuant to the Settlement Agreement; and it is further

ORDERED, that notwithstanding dismissal of this chapter 11 case (1) this Court shall retain jurisdiction (a) to determine the allowed fees and expenses of the subchapter V trustee, which shall be paid upon the order on his application therefor for allowance of fees and expenses

2

becoming final, regardless of any payments to be made by or on behalf of the Debtor to Stack's Bowers pursuant to the Settlement Agreement, and (b) over all matters concerning the enforcement, implementation or interpretation of the Settlement Agreement, and (2) the rights of all creditors of the Debtor shall be fully preserved, including without limitation the right of Kirby Aisner & Curley LLP to enforce, under applicable non-bankruptcy law, this Court's order allowing its fees and expenses under 11 U.S.C. § 330.

Dated: White Plains, New York
       July 10, 2020

*/s/Robert D. Drain*
Hon. Robert D. Drain
United States Bankruptcy Judge
